## WILLIAM M. ESTES v. RICHARD A. TIMMONS.

(Filed June 6, 1903.)

1. EQUITY—Power to Review Action of Land Office. Courts of equity have power to inquire into and correct mistakes, injustice and wrong in both judicial and executive action, founded in fraud, mistake or other special ground of equity, when private rights are invaded, and in the exercise of such jurisdiction may review the determination of the land department of the United States. (Following 80 U. S. 72.)

2. FRAUDS WHICH MAY BE CORRECTED. As a general rule, the frauds for which a bill in chancery will be sustained to set aside a judgment or decree between the same parties rendered by a court of competent jurisdiction, or special tribunal, are frauds extrinsic or collateral to the matter tried by the first court, and not a fraud which was in issue in the former suit. (Following 98 U. S. 61.) And when a plaintiff fails to plead such a state of facts as will enable a court of equity to grant relief, a demurrer directed to such pleading should be sustained, for even a petition in equity must not only show that a wrong has been done the party for which he has no adequate remedy at law, but it must appear from the statements in the petition that a court of equity can, if the allegations are established, correct the mistake or fraud.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before Bayard T. Hainer, Trial Judge.*

*G. W. Adams,* for plaintiff in error.

*J. H. Everest,* for defendant in error.

### STATEMENT OF FACTS.

This is an action in equity to declare a trust, and grows out of proceedings in the United States land office between

the parties relative to their respective rights to make home-stead entry to the south half of the southeast quarter of section eighteen, township ten north, range four east of the Indian Meridian, Pottawatomie county, Oklahoma.

It appears from the record that plaintiff in error, Estes, made settlement upon the southeast quarter of section eigh-teen aforesaid on September 22, 1891, and on September 25, 1891, made his homestead entry thereof in the United States land office at Oklahoma City. Thereafter the defendant in error, Timmons, filed his contest affidavit against the entry of plaintiff, alleging priority of settlement thereon. In due course of time this contest came on for trial before the land office officials, resulting in the finding and decision by the register and receiver that the defendant, Timmons, was entitled to enter the land by virtue of his priority of settle-ment, which decision of the land office was made and entered on the 21st day of May, 1894.

Thereafter on the 26th day of September, 1894, plaintiff in error, Estes, filed in said land office, his affidavit of con-test against said Timmons' homestead entry, alleging in sub-stance that said Timmons was not qualified to make homestead entry of said premises for the reason that he had entered upon said lands and other parts of the territory opened to set-tlement, prior to 12 o'clock, noon, of the 22nd day of Sep-tember, 1891, and subsequent to September 18, 1891, in vio-lation of the laws and proclamation of the president open-ing said lands to settlement.

It will thus be seen that the issue to be tried in this last contest was whether Timmons, the defendant in error,

had wrongfully entered upon said lands during the prohibited period, and was therefore perpetrating a fraud upon the government in attempting to hold the same. This second contest between these parties also came on for hearing before the land office, and a large number of witnesses were examined therein. The result of this contest was a finding and decision by the register and receiver that said defendant, Timmons, did not so enter upon and occupy said lands and was therefore qualified to make settlement and homestead entry of said tract. Both of these contests were carried to the commissioner of the general land office and from him to the secretary of the interior, and the findings and decision of the register and receiver were by each of these officers affirmed.

Thereafter the plaintiff, Estes, filed his petition in this cause, setting out all the evidence taken before the register and receiver in the last contest, wherein the right and qualification of defendant, Timmons, to make homestead entry of said lands, was the issue, and alleging that Timmons obtained the finding and decision of the land department by means of the false, fraudulent and perjured testimony so given and accepted by the said register and receiver.

To this petition defendant, Timmons, filed a general demurrer, which, having been presented and argued in the court below was by that court sustained. From the order and judgment sustaining said demurrer plaintiff prosecutes this appeal. Affirmed.

Opinion of the court by

GILLETTE, J.: The right of the plaintiff to maintain this action is based wholly upon the alleged fraud of defend-

ant Timmons, in the proofs by him submitted to the register and receiver of the land office,. and the only question for consideration on this appeal is whether the court below erred in sustaining a demurrer to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action.

There can be no question about the power of courts of equity in this class of cases to inquire into and correct mistakes, injustice and wrong, in both judicial and executive action, founded in fraud, mistake or other special ground of equity when private rights are invaded. (*Johnson v. Townsley,* 80 U. S. 72.)

In *Plummer v. Brown,* 12 Pac. 464, the supreme court of California in a case very similar to the one at bar, speaking of the decision of the officials of the land department, say:

"But while the judgment is conclusive at law there is no doubt of the equitable doctrine that if the successful contestant has acquired, pursuant to the judgment, the legal title, affected with any fraud or trust in relation to it, he will be regarded in equity as a trustee of the true owner, and the owner may, by a proper proceeding in equity compel a conveyance to himself of the legal title.

"To entitle the alleged owner, however, to such equitable relief he must show that he occupies such a status as entitled him to control the legal title; that the officers who awarded the land to another, to whom the title was issued, * * * were imposed upon and deceived by the fraudulent practices of him in whose favor the judgment was given, and that they were thereby induced to give judgment in his favor. These things must be distinctly alleged and clearly proven."

The above case of *Plummer v. Brown* is the first authority cited in plaintiff's brief, and we therefore assume that the rule therein laid down is satisfactory to him. In any event it is undoubtedly the law.

Turning now to the plaintiff's petition, the only allegations of fraud or deceit we are able to find is contained in the 6th and 7th paragraphs, which read:

"Sixth. Plaintiff further alleges that said contest so commenced and instituted was duly heard and tried by the register and receiver of said land office at Oklahoma City upon testimony and depositions introduced therein, and that upon hearing and trial said defendant wilfully, intentionally and fraudulently, intending to deceive and mislead and misinform said register and receiver, procured and introduced the testimony of the following named witnesses: W. L. Hartman, Clarence Hartman, Sam Call, David L. Timmons, John Eaton and H. W. Darrow, who at the instigation and procurement of the said defendant, testified before said register and receiver, in substance and effect that the said defendant did not enter upon or occupy any of said lands so opened to settlement as aforesaid before 12 o'clock, noon, of September 22, A. D. 1891, and subsequent to September 18, A. D., 1891, and to the effect that they were with said defendant during said period and all of the same; which said testimony was false, and known by said defendant to be false when he procured and introduced the same; that by reason of, and by said false testimony of said witnesses and of defendant, the honorable register and receiver of said land office was mislead and deceived, and induced thereby to believe that said defendant did not enter upon and occupy any of said lands so opened to settlement prior to twelve o'clock, noon, of September 18, A. D. 1891, and being so induced to believe, and believing the same, the said register and receiver made their decision and findings in said hearing and trial, that said de-

fendant did not so enter upon and occupy said lands and was therefore qualified to make settlement and homestead entry of said tract of land; that if said false testimony had not been procured and introduced as aforesaid, the said register and receiver would have made their findings that said defendant was disqualified to make said entry, by reason of having entered upon and occupied said lands as aforesaid.

"Seventh. Plaintiff further alleges that he could not at the time and had no means in his power to rebut successfully or disprove said false testimony."

These are all the allegations of fraud we are able to find in plaintiff's petition, and these allegations do not embrace all of the elements of frauds for which equity will intervene to set aside the judgment of a court or judicial tribune. Fraud is always a question of fact, and must be specifically pleaded and convincingly proved.

"The frauds for which a bill to set aside a judgment or a decree between the same parties, rendered by a court of competent jurisdiction, will be sustained, are those which are extrinsic or collateral to the matter tried, and not a fraud which was in issue in the former suit." (*United States v. Throckmorton,* 98 U. S. 61.)

" The cases where such relief has been granted are those in which, by fraud or deception practiced on the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject of said suit." (Ibid.)

The only allegation of fraud in this petition, is the statement that the witnesses named, testifying on behalf of defendant, Timmons, testified falsely—in short, committed perjury—and the further allegation that the plaintiff was then

unable to disprove their statement. Whether he would now be able to refute the same does not appear; nor does it appear that there was not sufficient truthful evidence to sustain the decision of the land department.

In the various contests before the land department of the government these parties seem to have been given a fair and full hearing as to their relative rights to make homestead entry of the premises in question. It is not claimed that any mistake was made by these officers in the interpretation or application of the law to the facts proved or attempted to be proved before them. The only wrong complained of is the fact that the register and receiver, and after them the commissioner and secretary of the interior, chose to believe the seven witnesses testifying on the part and in behalf of defendant, Timmons, rather than the three testifying for plaintiff, Estes. Undoubtedly there is an irreconcilable difference; in short a flat contradiction between the testimony of witnesses upon the one side and the other. If this were sufficient reason for invoking the extraordinary powers of a court of equity, there could scarcely be a judicial investigation before any tribunal which might not be vacated, and a retrial of the facts in controversy permitted and ordered on the ground that the verdict arrived at in the former court had been obtained by the fraud and deception of the successful party. Such is not the law.

Our attention has been called to the cases of *Garland v. Wynn,* 61 U. S. 6, and *Lytle v. State of Arkansas,* 63 U. S. 193. Both these cases were to a great extent *ex parte,* and therefore no trial of the questions of fact was had in the land office, but the question of fraud was one upon which no

hearing or trial had been had before the officers of the land office, and in which persons not parties to any contest in the land office were chiefly concerned.

In *Baldwin v. Stark,* 107 U. S. 463, the law in this class of cases is very clearly stated, as follows:

"It has been so repeatedly decided in this court, in cases of this character, that the land department is a tribunal appointed by congress to decide questions like this, and when finally decided by the officers of that department the decision in conclusive everywhere else, as regards all questions of fact, that it is useless to consider the point further. Where fraud or imposition has been practiced on the party interested, or on the officers of the law or where these latter have clearly mistaken the law of the case as applicable to the facts, courts of equity may give relief; but they are not authorized to re-examine into a mere question of fact dependent on conflicting evidence, and to review the weight which those officers. attached to such evidence."

Of like import will be found the decisions of *Johnson v. Towsley,* 13 Wall. 72; *Shepley v. Cowan,* 91 U. S. 330; *Marquez v. Frisbie,* 101 U. S. 473; *Quinby v. Conlan,* 104 U. S. 420; *Lee v. Johnson,* 116 U. S. 48.

In short, rulings upon matters of fact, or upon mixed questions of law and fact, which were properly before or cognizable by the land department, and passed upon by it, are no longer open for question or argument. Here no "fraud or imposition has been practiced upon the party interested," nor yet upon the officers of the law, save as it is to be inferred from the allegation that part of the witnesses on the part of the defendant, Timmons, testified falsely. Courts. cannot exercise an appellate jurisdiction over these officers, or

retry questions of fact of this character which have been fully and fairly heard before that tribunal. The mere fact that perjury may have been committed by witnesses testifying before the officers of the land department, will not authorize a court of equity to intervene, where a full and fair hearing has been had, and the officers, like a jury have simply believed the witnesses upon one side and disbelieved those upon the other.

Without pursuing the investigation further it is sufficient to repeat that the frauds for which a bill in chancery will be sustained, to set aside a judgment or decree between the same parties rendered by a court of competent jurisdiction, are frauds, extrinsic or collateral to the matter tried by the first court, and not a fraud which was in issue in that suit.

The judgment of the court below is affirmed.

Hainer, J., who presided in the court below, not sitting; Burford, C. J., concurs in the result, but not in the reasons given, nor the law as stated; all the other Justices concurring.