## TRACY v. TRACY et al.

No. 8853.—Opinion Filed March 25, 1919

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

1. **Judgment—Vacating by District Courts —Judgments of Other Courts.**

The district courts of this state, in exercising their equity jurisdiction, have the power to vacate and annul orders or judgments of other courts, in a proceeding brought for that purpose, for fraud, inducing and entering into such order or judgment, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud.

2. **Same — Deeds — Fraud — Guardian and Ward—Evidence.**

In an action in the district court to set aside certain deeds and conveyances and orders, and judgments of other courts, based upon the ground of fraud, where the plaintiff offers in evidence in support of his petition facts to show that the guardian and other parties entered into an agreement that proceedings should be started and the land appraised and sold for a certain amount, and the money derived from the sale should be used in paying off claims not chargeable against the minor's estate, and the proceedings were instituted for the purpose of cheating and defrauding the minor out of his land, held, it was error for the trial court to sustain an objection to such evidence.

Error from District Court, Murray County; F. B. Swank, Judge.

Action by Calvin B. Tracy, by his next friend, N. E. Tracy, against Mark Tracy and others. Demurrer to plaintiff's evidence sustained, and he brings error. Reversed and remanded, with direction to grant plaintiff a new trial.

H. A. Ledbetter and Robinett & Fagin, for plaintiff in error.

W. E. Latimer and H. W. Fielding, for defendant in error Frame.

Embry, Crockett & Johnson, for defendant in error Dean.

McNEILL, J. This was an action commenced in the district court of Murray county wherein Calvin B. Tracy, by his next friend, N. E. Tracy, was plaintiff; Mark Tracy and Thomas Frame and others being

defendants. The object of the suit was to set aside certain deeds to a certain piece of property inherited by the plaintiff, said deeds and conveyances being obtained through the county court and district court of Murray county.

The ground alleged in the petition for setting aside said conveyance was that of fraud. The plaintiff alleged that his father, Mark W. Tracy, had entered into a conspiracy with Thomas W. Frame, whereby Mark W. Tracy was to bring an action for partition of said land, and that Thomas W. Frame was to be appointed guardian, and the force and effect of said conspiracy was that they were to cheat and defraud plaintiff out of his property. There were numerous transfers of said property and numerous mortgages made and executed upon the same. At the trial of the case, after the introducing of the records and transfers affecting said land, the plaintiff offered certain evidence to which the court sustained an objection.

The only question necessary for this court to determine is whether the lower court committed error in sustaining the objection to the evidence offered on behalf of the plaintiff. The plaintiff called Mark Tracy as a witness and asked several questions to which an objection was sustained, and the plaintiff then dictated in the record and offered to prove a certain state of facts, the substance of which is as follows: That it was agreed between Mark W. Tracy and Thomas W. Frame that Mark W. Tracy should file a partition suit and that Thomas W. Frame was to be appointed and was to act as guardian for the plaintiff. That at the time of the institution of said suit Mark W. Tracy was indebted to Thomas W. Frame in the sum of $800, and that the land should be appraised and sold for $900, and that said Thomas W. Frame should take the $900 obtained from the sale of plaintiff's property and pay the indebtedness of said Mark W. Tracy to said Thomas W. Frame; or, in fact, that the land should be sold and the title taken out of said plaintiff, and that plaintiff was to receive no consideration therefor. The plaintiff also offered to prove that, at the time plaintiff's one-fourth interest was appraised at $900, the land was reasonably worth the sum of $75 per acre, or a total of $14,000. The court having sustained an objection to plaintiff's offer to prove said facts, the plaintiff being unable to introduce any evidence except the record, the court sustained a demurrer to his evidence. The sustaining of an objection to

the tender of this evidence is assigned as error.

The district courts of this state, in exercising their equity jurisdiction, have the power to vacate and annul orders or judgments of other courts, in a proceeding brought for that purpose, for fraud, inducing and entering into such order or judgment, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud. Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433; Steele et al. v. Kelley et al., 32 Okla. 547, 122 Pac. 984; Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159; Brown et al. v. Trent et al., 36 Okla. 239, 128 Pac. 895; Johnson v. Filtsch, 37 Okla. 510, 138 Pac. 165; Sockey et al. v. Winstock, 43 Okla. 758, 144 Pac. 372; Griffin v. Culp, 68 Oklahoma, 174 Pac. 495.

The evidence was competent, and, if true, showed a fraud upon the court and upon the rights of this plaintiff, and the court committed reversible error in sustaining the objection to said evidence. It is unnecessary for us to deal with any of the other issues in the case, as the sustaining of the objection to this evidence is such an error that without this evidence in the record it would be impossible to pass upon the merits of the case upon the other points.

It therefore follows that the judgment of the court should be reversed and remanded, with instruction to grant the plaintiff in error a new trial.

All the Justices concur.