## BALBRIDGE et al. v. SMITH et al.

No. 6690—Opinion Filed Sept. 23, 1919.

(Syllabus by the Court.)

**1. Guardian and Ward—Administrators—Sales—Appeal—Quieting Title.**

A purchaser at an administrator's or guardian's sale cannot maintain an action to quiet title, and thereby attempt to indirectly defeat the right of appeal of minors, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter.

**2. Judgment — Vacation — Jurisdiction — Fraud.**

The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose for fraud in inducing or entering into such order or judgment, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud.

**3. Infants—Guardian ad Litem—Necessity For.**

Under section 4957, Mansfield's Digest, the failure to appoint a guardian ad litem for an infant defendant when properly served is not such a jurisdictional defect as will render the judgment void, but at most it is voidable, and hence the judgment remains in full force and effect until it is reversed on appeal or error or set aside by direct proceedings, but is not subject to collateral attack.

**4. Executors and Administrators—Sales—Confirmation—Vacation of Judgment.**

The evidence has been examined and held, that is sufficient to warrant the court in the exercise of its equitable powers to cancel deed made by the administrator to certain lands, and to annul the order of the county court confirming the same.

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Action by Nathan W. Smith against Hiram Smith and others. From judgment for defendants, the substituted plaintiffs bring error. Reversed in part and affirmed in part.

Jess W. Watts, Charles G. Watts, and Alvin F. Molony, for plaintiffs in error.

Bailey, Wyand & Moon, for defendants in error.

McNEILL, J. This action was commenced on the 15th day of June, 1911, in the district court of Wagoner county by Nathan W. Smith (who after the commencement of the action died and the same has been revived in the name of his administrator and his heirs) against Hiram Smith and Beulah Smith and Frank Smith, minors, and their guardian, W. D. Fly, as defendants. After the commencement of the action, but before judgment, Hiram Smith died, leaving as his heirs the defendants Frank Smith and Beulah Smith, and prior to the trial of the case Beulah Smith became of age and refused to prosecute, leaving the issues to be tried between Frank Smith, a minor, and the plaintiff, Nathan W. Smith. Said action was brought to quiet title in Nathan W. Smith to lots 9 and 11 in block 340 and block 512, all in the town of Wagoner, Oklahoma.

The defendant, Frank Smith, through her guardian, filed an answer and cross-petition alleging that she was the owner of a one-half interest in said property. She further alleged she was the child of Frank Smith and Kittie E. Smith. That Frank Smith, her father, died March, 1899, and her mother died February, 1901. That all of said land was the property of her father and mother, and after the death of her mother the patents to said land were issued to the heirs of Kittie E. Smith. That prior to the time of issuing the patent, Nathan W. Smith was appointed administrator of the estate of Kittie E. Smith and by certain fraudulent acts and transactions sold all of block 512 and one-half interest of lots 9 and 11, block 340, by proceeding in the United States Probate Court, sitting at Wagoner, while he was administrator, but that said sale was fraudulent, and she asked to have the administrator's deed and the order confirming the sale of said property set aside and held for naught. She further alleges that there was a conspiracy existing between Andeline J. Smith, the mother of the plaintiff herein, and the plaintiff whereby he allowed a large indebtedness purporting to be owing to said

Andeline J. Smith against said estate for the purpose of selling and disposing of said property. That thereafter Andeline J. Smith filed suit in the United States District Court of Wagoner wherein she brought suit against the defendant to complete the title to said premises in Andeline J. Smith, and that the same was a part of the original fraud entered into between Andeline J. Smith and Nathan W. Smith to cheat the defendant out of her property, and she asked that said judgment in the United States District Court be set aside and held for naught. She further alleges that after the plaintiff, as administrator and as guardian of said estate, sold the premises to Andeline J. Smith and when the title was perfected in Andeline J. Smith, she reconveyed the same to Nathan W. Smith. The plaintiff answered denying all of said facts, and setting up the different records in the United States Probate Court and the judgment in the United States District Court. Upon the trial of the case, the court found the issues in favor of the defendant on her cross-petition, and against the plaintiff, and made certain findings of fact, the material ones being as follows:

That Hiram Smith, and defendants, Frank Smith and Beulah Smith, are the children and only heirs at law of F. E. Smith, who departed this life in March, 1899, and Kittie E. Smith, his wife, who departed this life February 4, 1901.

That lots 9 and 11, block 340, in the city of Wagoner, being a part of the land involved in this suit, were scheduled to Ernest E. Smith and Nathan W. Smith, administrator of the estate of Kittie E. Smith, deceased, on the 23rd day of August, 1901.

That block 512 of said city, the remainder of the property involved in this suit, was scheduled to Nathan W. Smith, administrator of the estate of Kittie E. Smith, deceased, on the 23rd day of August, 1901, all of which schedules were approved by the townsite commission.

On the 7th day of June, 1904, a patent was issued conveying to the heirs of said Kittie E. Smith, deceased, lot 9, in block 340, city of Wagoner, which was approved by the Secretary of Interior February 2, 1905, and filed for record the 13th day of February, 1905.

That on October 15, 1904, a patent was issued conveying to the heirs of Kittie E. Smith, lot 11, block 340, which was also approved by the Secretary of Interior.

The court further found that Hiram Smith after the institution of this suit died intestate, and left as his only heirs.

the defendants, Frank Smith and Beulah Smith, and that Beulah Smith is now of age, and is not prosecuting her suit, and by reason of her not prosecuting the same, the court held that Nathan W. Smith was the owner of an undivided one-half interest in all of said property, being the interest that she would have inherited.

The court further found that the plaintiff, Nathan W. Smith, who was a brother of the father of these children in this action, was appointed administrator of the estate of Kittie E. Smith, deceased, and guardian of the three minor children.

The court further found that pursuant to the order of the United States District Court of the Northern District of Indian Territory sitting at Wagoner, Nathan W. Smith, as administrator of the estate of Kittie E. Smith, undertook to sell an undivided one-half interest in lots 9 and 11, block 340, and all of block 512; that at the sale Andeline J. Smith bid in said property and the sale was confirmed in Andeline J. Smith on August 2, 1904.

The court further found that Andeline J. Smith had reconveyed or sold all of said property to the plaintiff, Nathan W. Smith. The court further found that the sale by Nathan W. Smith, administrator, to Andeline J. Smith was fraudulent. The court further found that in the suit instituted in the United States District Court by Andeline J. Smith against Ernest Smith, Hiram Smith, Beulah Smith and Frank Smith, the latter two of whom were minors, the plaintiff, Nathan W. Smith, who was the guardian of said minors, failed to file any answer or make any defense in said action, and that no guardian ad litem was appointed, and by reason of said fact said decree was null and void as to the defendant Frank Smith. The court then rendered judgment in favor of Frank Smith against the plaintiff, Nathan W. Smith, for an undivided one-half interest in and to all of said property and judgment for certain rents and profits due therefrom. From said judgment, Nathan W. Smith has appealed and alleges eight separate and distinct assignments of error.

The first assignment of error is as follows:

"Under the facts in this case as disclosed by the record the plaintiff cannot maintain this action and his petition ought to be dismissed as against the defendant Frank Smith; neither can said defendant maintain her cross-action against the plaintiff and her cross-petition ought also to be dismissed; and the costs ought to be equally divided between the parties."

As to the first portion of the assignment No. 1, plaintiff in error admits that under the rule adopted in the case of Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273:

The plaintiff has no standing in court to quiet title against the defendant and his action should be dismissed.

With this we agree; under the rule adopted in the above entitled case, plaintiff could not maintain his action to quiet title against the minors, to correct the probate proceedings, or prevent them from bringing a direct proceeding to set aside said proceedings on the ground of fraud or from appealing, during the time provided by statute.

Now the second proposition, that the defendant cannot maintain her cross-petition against the plaintiff, and her cross-petition ought to be dismissed. With this we cannot agree. The cross-petition of the defendant was a direct proceeding to set aside the order and judgment in the probate proceedings and also to set aside a certain judgment in the United States District Court upon the ground of fraud. The rule laid down by this court is as follows:

"That the court may set aside and annul judgment on the ground of fraud, and an independent action for that purpose, in the nature of an equitable proceeding, is a direct, and not a collateral attack upon such judgment, and such powers may be exercised by cross-petition on the part of the defendant."

City of Guthrie v. McKennon, 19 Okla. 306, 91 Pac. 851; Estes v. Timmons, 12 Okla. 537, 73 Pac. 303; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Johnson v. Filtsch. 37 Okla. 510, 138 Pac. 167; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660; Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329.

The second, third, fourth and fifth specifications of error are to the effect that the defendants' cross-petition is a collateral attack on the probate proceedings and that the allegations of fraud are not sufficient to support a direct attack upon the probate proceedings, but the same amounts to a collateral attack. It is also argued under these assignments of error that the evidence does not sustain the finding that fraud was committed. As to this being a collateral attack, we have disposed of this question by referring to the decisions heretofore cited.

The next question is, was the evidence sufficient to sustain the finding in regard to fraud? The rule to be applied in a case triable before the court is, if the judgment is not clearly against the weight of the evidence, then the judgment should be approved by the court, but if the judgment is clearly against the weight of the evidence, then it is the duty of the court to render such judgment, after the examination of the whole record, as the court below should have rendered.

Schock v. Fish. 45 Okla. 12, 144 Pac. 584; Wimberly v. Winstock et al., 46 Okla. 645, 149 Pac. 238; Mendenhall et al. v. Walters et al., 53 Okla. 598, 157 Pac. 732.

From an examination of the record, it is evident that a portion of the evidence to establish the fraud relied upon was matters that appear on the record, showing certain proceedings to be irregular. These proceedings, though irregular, could not be the foundation of this kind of an action, but would be reviewable on appeal, unless there was some fraud connected with the same.

The first irregularity we have presented is the note for approximately $5,000.00, signed F. E. Smith and Kittie E. Smith, payable to Mrs. Andeline J. Smith. The proof of claim was signed by Alma E. Smith, and stated that the annexed claim was a claim against the estate of F. E. Smith. The next was a note signed by F. E. Smith and Kittie Smith, payable to N. W. Smith, on which there was approximately $3,000.00 due. This claim was sworn to by I. J. Smith, administrator of the estate of N. W. Smith, stating that the same was a claim against the estate of F. E. Smith. Then there was a note of approximately $700.00 signed by F. E. Smith, payable to M. J. Hays, and the proof of claim stating that it was a claim against the estate of F. E. Smith, deceased.

All of these notes were allowed against the estate of Kittie E. Smith by the administrator, and the real estate was sold for the purpose of paying this and a few smaller items of indebtedness. It is the contention of the defendants in error that the two large notes were not properly proved against the estate of Kittie E. Smith; that the proper affidavit was not filed, and the allowance was irregular. That this was a part of the fraud being perpetrated by Nathan W. Smith, administrator, to allow said claims, in order to have the property sold, and then bid the same in, in the name of Andeline J. Smith, and as soon as the title was completed and perfected in Andeline J. Smith, that she should reconvey the same to him. The plaintiffs in error argue that the irregularities in allowing the claims appear on the face of the proceedings and could not be

the foundation for an action on direct attack. If this were the only evidence or circumstance, that would be true, but, in addition to this, the record and the evidence de hors the record discloses that Andeline J. Smith purchased the interest of the minors in all three of these properties. Further, she purchased one-half interest in the drug stock and also ten shares of capital stock of the First National Bank. Her total purchases amounted to $7,750.00. This all appears on the record. As to items paid out, the record disclosed the following items:

Andeline J. Smith (on notes, stone building), $2,100.00; Andeline J. Smith (on store building), $750.00; Andeline J. Smith (on notes stock of drugs), $2,000.00; Andeline J. Smith (on notes bank stock), $1,800.00; Andeline J. Smith (on notes dwelling house), $1,100.00; Andeline J. Smith (on notes), $1,821.02.

Making a total of over $9,500.00 that was purported to have been paid to Andeline J. Smith. The only claim that Andeline J. Smith filed against the estate was one for $4,735.00, and that was, as the affidavit stated, a claim against the estate of F. E. Smith. While it is true, there was a note of approximately $3,000.00, purported to be due the estate of N. W. Smith, it might be presumed that these payments were to pay the claim of Andeline J. Smith, and also the claim to the estate of N. W. Smith, but the evidence does not disclose this.

We gather from the evidence of Nathan W. Smith, the plaintiff in this case, that Andeline J. Smith never attended the administrator's sales. He stated several times that he looked after her matters. We conclude from his evidence that he purchased all of the valuable property for her at his own sale. It does appear that he owned the drug stock a short time after it was sold to Andeline J. Smith. He stated he looked after all his mother's business, and he admits that he has received deeds from his mother to all the real estate. He also has become the owner of all the property supposed to be purchased for his mother, of any value, unless it is the bank stock, and the record does not disclose what became of the same after purchase by Andeline J. Smith. While it is true the parties at this time claim that the estate of Kittie E. Smith was bankrupt, still we notice the assets of the estate amount to over $12,000.00. In this appears a note dated April 7, 1899, from E. E. Smith for $2,245.00. This was practically one-half of what the drug stock was appraised at, and what it sold for. We also find that on January 1, 1900, N. W. Smith,

the plaintiff in this case, gave a note for $877.00 to Kittie E. Smith. The notes appear in the assets of the estate in 1901. Nathan W. Smith is the administrator of the estate, guardian of the children; a few years thereafter the estate is closed, the property has all been sold to Andeline J. Smith. As soon as the title is completed in her, it is conveyed to Nathan W. Smith. While there may not be any fraud connected with these transactions, while it may be that all of said transactions were in the best of faith, and the administrator was only attempting to do for these minors what he thought was best, yet the courts look with suspicion upon transactions of this kind and character. The statutes specially provide that the administrator cannot directly or indirectly purchase the property at administrator's sale. Then we have a transaction that involves some $10,000.00 or $12,000.00 of minor's property. notes are presented and irregularly allowed to the grandparents of the minors.

The property is all purchased by the administrator at the administrator's sale in the name of his mother. As soon as the sale is completed and the title perfected, the property all re-appears as the property of the administrator in his individual name, who at the commencement of the administration was indebted to the estate; the estate is closed, and he is the owner of all the property and the estate bankrupt. While we do not know of a similar case that has been before this court, yet the same rule of law would apply as to transactions of this kind as between guardian and ward, parent and child, and it is ably discussed in the case of Daniel v. Tolon, 53 Okla. 666, 157 Pac. 756. While this kind of a transaction was not involved in the case above cited, still a transaction wherein an administrator or guardian is participating, or first selling the property and then acquiring the same back, comes within the same class and character of cases and the same rule of law applies, to wit:

"The burden rests heavily upon the guardian or administrator to prove all the circumstances and prove they are free from fraud, and that the transaction was fair in all respects."

In the case at bar, the plaintiff, Nathan W. Smith, has not overcome the burden that was placed upon him as a matter of law. The only record that he ever paid for the drug stock or for the different pieces of property is that there is a mortgage upon said property executed by him to Andeline J. Smith. We think the circumstances in this case are such that the burden of proof rested heavily upon the plaintiff in error,

and, assuming this burden, he failed to satisfy the trial court, and we cannot say that the finding of the court was contrary to or against the clear weight of the evidence.

It therefore follows that the judgment of the court cancelling the probate sale and the confirmation of the sale to Andeline J. Smith and the deed to Andeline J. Smith, is sustained.

The third question presented is, did the court err in holding that the judgment and decree of the United States District Court in the case where Andeline J. Smith was plaintiff and the minors were defendants was void? It is admitted that the minors were served with summons but that no guardian ad litem was appointed, nor did Nathan W. Smith, their guardian, defend for them, it being admitted that no defense was made on their behalf. The rule laid down in 22 Cyc. 641 is as follows:

"But the failure to appoint a guardian ad litem for an infant defendant is not such a jurisdictional defect as will render the judgment void, and hence the judgment remains in full force and effect until it is reversed on appeal or error or set aside by direct proceedings, and is not subject to collateral attack."

The Arkansas law was in force and effect at the time the judgment was rendered in the United States District Court sitting at Wagoner, and the courts of that state upheld that rule in the following cases:

Trapnall v. Bank, 18 Ark. 53; Boyd v. Rowan, 49 Ark. 397, 5 S. W. 704.

We must therefore hold that the court committed error in holding that the judgment was void for that reason, but the petition in the present case charges that this suit was a part of the fraud existing between Nathan W. Smith and Andeline J. Smith in attempting to defraud the minors out of their property. The suit in the United States District Court and the judgment rendered therein were two-fold: First, the judgment decreed that an undivided one-half interest in lots 9 and 11, block 340, was originally the property of E. E. Smith, having been scheduled to him, and that he had sold his interest therein to Andeline J. Smith and that the patent issued to the heirs of Kittie E. Smith as to this one-half of the property was an error and mistake. The patent to one-half interest in this property should have issued to E. E. Smith and one-half interest to the heirs of Kittie E. Smith. This much of the judgment, the United

States District Court had jurisdiction of, and decreed that the patent in so far as it described the interest of Kittie E. Smith was in error. This was a final judgment by the United States District Court and is only subject to be reviewed upon appeal or set aside in that case, unless there was some allegation of fraud, attacking said judgment. There is no allegation in the petition, nor any evidence to show, that the schedule of an undivided one-half interest of the property to E. E. Smith was fraudulent. There being no allegation of fraud contained in the petition, and no evidence of fraud or circumstances upon which this portion of the judgment could be founded, in respect to the decree of the United States court holding that portion of the judgment void, it is error, as the judgment would at most be only voidable.

We then come to the other portion of the decree wherein the decree recites that Andeline J. Smith had purchased the interest of the minors at probate sale and the sale was confirmed, and after the sale had been confirmed, the patent was issued to these heirs, and orders that the master of chancery execute a deed to her. The foundation of this portion of the cause of action is based upon the probate proceedings, and if the probate proceedings were fraudulent, this portion of the judgment would also be fraudulent. The plaintiff could acquire no greater right by this proceeding than was obtained in the probate proceeding. The plaintiff could not defeat the right of the minors to appeal, nor prevent them from attacking the probate proceedings on the ground of fraud, by this kind of an action. As was decided in the case of Sawyer v. Ware, supra. While the court did commit error in holding the judgment of the United States District Court void, yet in so far as it pertained to a one-half interest that was claimed to be owned by E. E. Smith, the same would at most be only voidable, and there being no allegations of fraud, as to that portion of the judgment the same could not be reviewed in this action.

As to the decree pertaining to the land of the minors, which was sold by probate proceedings, the decree in the United States District Court would give the plaintiff no new right or additional interest in the premises, other than that which was obtained at probate sale. A judgment based upon a decree of court, which was a fraud in the selling of minor property, will convey no new right, nor will the party derive any additional benefit therefrom, nor can he strengthen his title by such a procedure,

nor prevent the minor from appealing or attacking the judgment for fraud.

From the conclusion reached, the judgment of the district court awarding to the defendant in error a one-half interest in and to block 512 will be sustained. That the judgment of the district court in awarding to the defendant one-half interest in lots 9 and 11, block 340, will be modified and affirmed, awarding to the defendant an undivided one-fourth interest in and to lots 9 and 11, block 340, being the interest that the plaintiff inherited from her mother, and from her deceased brother, that was sold through the probate proceedings. That the judgment of the court awarding to the defendant $400.00 for rents on lot 9, block 340, will be modified, and judgment rendered for $200.00, for the reason plaintiff only acquired a one-fourth interest in said property instead of a one-half interest in the same. That as to the judgment for the rents on lot 11, block 340, and block 512, in the sum of $1,100. it will be reversed and remanded, because the court made no separate findings as to the amount due on each lot, and it is impossible to ascertain the amount of rent due on block 512 and the amount due on lot 11, block 340, with directions for the court to ascertain the amount of rent due on block 512 and the amount due for the undivided one-fourth interest in lot 11, block 340, and render judgment for said amount. The judgment of the district court in so far as it attempts to decree to the defendant an interest in the undivided one-half interest in lots 9 and 11, block 340, that was scheduled to E. E. Smith and purchased by Andeline J. Smith from E. E. Smith, wherein the United States District Court decreed that the patent issue to the heirs of Kittie E. Smith was an error and mistake, will be reversed and remanded.

OWEN, C. J., and HARRISON, PITCHFORD, and HIGGINS, JJ., concur.

KANE and JOHNSON, JJ., dissent as to that portion of the opinion and judgment of the court wherein the judgment of the district court is reversed.