## WRAY v. HOWARD et al.

No. 9794—Opinion Filed Sept. 21, 1920.

(Syllabus by the Court.)

1. **Limitation of Actions — Pleading — Demurrer.**

Limitation is a matter of defense, and only explicit allegations showing directly that limitations have run renders a petition demurrable; the question otherwise being raised by proper pleadings or answer.

2. **Judgment—Vacation of Judgments of Other Court.**

District courts of this state, in exercising their equitable jurisdiction, have the power to vacate or annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, where such fraud is extraneous to the issue in the proceeding attacked, and especially where the court has been imposed upon by such fraud.

3. **Guardian and Ward—Guardian's Sale—Action by Ward to Set Aside—Limitations.**

Where a minor's property has been sold at a void or fraudulent guardian's sale, and a guardian's deed issued and filed of record, and such grantee and those claiming under him remain continuously in possession thereof thereafter, the minor's cause of action is not barred by reason of subdivision 2, sec. 4655, Rev. Laws 1910, within five years after the recording of the deed, but by virtue of section 4656, Rev. Laws 1910, the minor may begin an action to set aside said sale at any time prior to two years after his legal disability is removed.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by Lillie Wray against O. R. Howard, J. A. Bearman, F. B. Righter, and W. H. Forbes to cancel deeds, mortgage, etc. Judgment for defendants, and plaintiff brings error. Affirmed.

Neff & Neff and Blakeney & Maxey, for plaintiff in error.

Speed & Righter and W. D. Abbott, for defendants in error.

BAILEY, J. This action was commenced in the district court of Tulsa county on the 24th day of February, 1916, by the plaintiff in error against the defendants in error to set aside and cancel certain deeds, mortgage, etc., made by the guardian of plaintiff in error and his grantees, and also cretain orders of the county court of Tulsa county. The guardian, said purchasers, and mortgagee were made parties defendant. Amended petition was thereafter filed and a demurrer to said petition sustained on the ground that "such petition does not state

facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants or either of them," and the cause of action dismissed. From this ruling, the plaintiff has appealed to this court.

The only question presented for consideration by the assignments of error is, Does the amended petition state facts sufficient to constitute a cause of action?

It is first contended that the demurrer was properly sustained because the action was barred by the statute of limitations. This contention is predicated upon the allegation in the petition which avers that "on March 21, 1910, defendant O. R. Howard filed his petition asking for the appointment of himself as guardian of the plaintiff, and that in pursuance to such guardianship proceedings and application for sale made therein on November 12, 1910, said guardian defendant made a pretended sale of certain lands of plaintiff in error, and that at which time plaintiff was a minor"; it being further alleged in the petition "that plaintiff is now of age and offers to do such equity in the matter as the court may require."

Relative to the proper statute of limitation applicable where real property of minors has been sold at guardian's sale, it is sufficient to note the case of Glory v. Bagby et al., No. 9577, 79 Okla. 155, wherein this court held:

"Where a minor's property has been sold at a void or fraudulent guardian's sale, and a guardian's deed executed and filed of record, and such grantee and those claiming under him remain continuously in possession thereof thereafter, the minor's cause of action is not barred by reason of subdivision 2, section 4655, Rev. Laws 1910, within five years after the recording of the deed, but by virtue of section 4656, Rev. Laws 1910, the minor may begin an action to set aside said sale at any time prior to two years after his legal disability is removed."

Nor do we think the petition contains such allegations as to show affirmatively that the cause of action is barred by the statutes of limitation. The general rule is that limitation is a matter of defense, and, as was held in Reed v. Humphrey (Kan.) 76 Pac. 390:

"It is not incumbent upon the plaintiff in the first instance to show by his petition that his claim is not barred. It is sufficient that he do not show that it is barred. A demurrer can be sustained on the ground that the cause of action is barred only when it clearly appears upon the face of the petition that it is barred; and if the bar is not so shown it must be raised by answer."

And in the later Kansas case of Brimburg v. Wilson, 107 Pac. 792, the fourth paragraph of the syllabus reads:

"Limitation is a matter of defense, and only explicit allegations showing directly that limitations have run renders a petition demurrable; the question otherwise being raised by special plea."

And this court has announced the same holding in United States Fidelity & Guaranty Co. v. Fidelity Trust Company et al., 49 Okla. 398, 153 Pac. 195:

"A petition not disclosing upon its face that it is barred by limitation, it was error for the court to sustain a demurrer thereto on that ground."

In the light of these decisions, we cannot accept the contention that the petition must affirmatively show that a cause of action is not barred, and therefore the demurrer was not properly sustained by reason of the allegations quoted from the petition. We think the amended petition sufficiently points to the circumstances of minority which may have prevented the running of the statute of limitation.

It is next contended that the amended petition fails to allege sufficiently "any acts of fraud which would authorize an attack upon the proceedings in the county court and that the petition fails to state facts sufficient to constitute a cause of action because the defects complained of in the proceedings cannot be raised in this kind of an action unless for clear lack of jurisdiction shown on the face of the record, or for fraud, and the petition fails to show lack of jurisdiction from the record of the proceedings, and does not sufficiently allege fraud."

While the allegations of the petition are more or less general and to an extent confusing, the substance of the petition is that the defendant Howard fraudulently procured his appointment as plaintiff's guardian by falsely representing that said minor was a citizen of Tulsa county, and that as such guardian sold her lands to his codefendants for an inadequate consideration; that the county court of Tulsa county made the order appointing said guardian without giving "the notice required by law," and that the sale of the lands in controversy was made "without any legal appraisement or actual view of the land"; that the purchaser at said guardian sale was a business associate of said guardian, and that all of said defendants acquired their alleged interest with notice.

So far as the jurisdiction of the district court is concerned, the power of the district court of this state as to such proceedings has been frequently considered by this court, and in the recent case of McIntosh v. Holtgrave et al., No. 9810, 79 Okla. 63, it is said:

"The question then presented is, Does the district court have power and jurisdiction in an equity proceeding to set aside and annul the orders and judgment of the county court on account of fraud in inducing or entering into such order or judgment, where the fraud practiced was extrinsic to the issue and where the court has been imposed upon by such fraud? * * * Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Elroy v. Adair, 54 Okla. 207, 153 Pac. 660; Bridges v. Rea, 64 Oklahoma, 166 Pac. 416; Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329; Griffin v. Culp, 68 Oklahoma, 174 Pac. 495, and Baldridge v. Smith, 76 Okla. 36, 184 Pac. 153."

And in such opinion it is further held:

"The district courts of this state in exercising their equitable jurisdiction have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, where such fraud is extraneous to the issue in the proceeding attacked, and especially where the court has been imposed upon by such fraud."

But are there sufficient allegations of fraud extraneous to the record? It may be observed that none of the proceedings in the county court of Tulsa county are attached as exhibits to the petition or otherwise pleaded. A mere allegation of fraud is a conclusion, and is not sufficient. The general rule is that the specific fact constituting fraud must be averred, unless, of course, the facts alleged are such as in themselves constitute fraud. We cannot accept the allegation that "the order appointing the guardian was made without giving the notice as required by law," or "that such land was sold without any legal appraisement," as being equivalent to an averment that no notice was given, or that no appraisement was had. Nor do we accept the allegations that the purchaser of said land at said guardian's sale was the "business associate" of the guardian as equivalent to an allegation that said guardian shared an interest in such sale or was interested in the purchase of said lands. In Lusk et al. v. Porter, 53 Okla. 294, 156 Pac. 224, it is said:

"While in construing the pleading for the purpose of determining its effect, its allegation will be liberally construed with a view to substantial justice between the parties, yet, where, as here, the sufficiency of a petition is challenged by demurrer, this cannot be held to require that essential averments shall be construed into it, or that a necessary averment be supplied on inference drawn from other facts alleged, unless such averment must logically and necessarily be inferred therefrom. Emmerson v. Bodkins, 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Schilling v. Moore, 34 Okla. 155, 125 Pac. 487."

As for the allegations that defendant Howard made false and fraudulent allegations as to the residence of the minor in his application for appointment as guardian of said minor, these allegations were necessarily heard and determined by the county court of Tulsa county. It is fraud aliunde the record, which may be inquired into, and not fraud by way of misrepresentation involved in the matter actually determined, which will authorize the court to act in proceedings of this character.

We, therefore, conclude that the court did not err in sustaining the demurrer to the plaintiff's petition, and dismissing the same, and the cause is therefore affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, HIGGINS, and RAMSEY, JJ., concur; McNEILL, J., disqualified and not participating.