## O'NEILL et al. v. CUNNINGHAM.

No. 16214—Opinion Filed Jan. 19, 1926.

Rehearing Denied May 11, 1926.

1. **Parties—Excess of Parties not "Defect" of Parties—Remedy by Motion.**

Section 268, C. O. S. 1921, provides: "The defendant may demur to the petition only when it appears on its face, either * * * Fourth, that there is a defect of parties plaintiff or defendant." Held, when a person is unnecessarily joined as a party plaintiff, it does not result in a defect of parties, and cannot be taken advantage of by demurrer, but by motion.

2. **Courts—Judgment—Vacation for Extraneous Fraud—Equity Jurisdiction.**

The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders and judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, but only where such fraud is extraneous to the issues in the proceeding attacked.

3. **Courts—Judgment—Probate Jurisdiction of County Court—Collateral Attack.**

The county courts of this state are courts of record, and have original jurisdiction of probate matters. The orders and judgment of such county court when acting within their jurisdiction are entitled to the same immunity from collateral attack as are accorded those of other courts of general jurisdiction.

4. **Executors and Administrators—Disbursement of Funds—Personal Liability.**

If an administrator acts reasonably and in good faith in the disbursement of money, pursuant to an order of the county court within its jurisdiction to make, he is protected thereby from personal liability.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by W. Otis O'Neill and others against Ray Cunningham. Defendant demurs to the petition; demurrer sustained, and plaintiffs appeal. Affirmed.

Charles R. Alexander, for plaintiffs in error.

O. C. Wybrant and Perry J. Morris, for defendant in error.

Opinion by RUTH, C. Plaintiffs and defendant appear in this court as they did in the trial court, and will be designated accordingly. Plaintiffs filed their original action in the district court for Woodward county, and allege James Barney O'Neill departed this life July 5, 1918, leaving surviving him as his sole heirs at law Lena St. Clair O'Neill, his widow, and Andrew O'Neill, a son, and these plaintiffs, W. Otis O'Neill, Charles W. O'Neill, John B. O'Neill, Alice H. Johnson, formerly Alice H. O'Neill, James F. O'Neill, Mary D. Ostrander, formerly Mary D. O'Neill, sons and daughters of the deceased, and John L. Williams, a son of a deceased daughter of the deceased

James Barney O'Neill. The petition then sets out the property of which the deceased died seized; and the appointment of defendant as administrator, who, on August 28, 1918, filed an inventory and appraisement; that on April 2), 1920, the county court made and entered an order of distribution assigning all the property in equal shares to Lena St. Clair O'Neill, the widow, and Andrew J. O'Neill, a son, to the exclusion of the plaintiffs, who further allege the county court made its order of distribution on April 29, 1920, and they had no knowledge of same until September 15, 1922; that no notice of any hearing upon an application for an order of final settlement of the account of the administrator was ever published, as required by law, and no notice of the hearing of any final settlement and distribution was ever issued, made, or published, as required by law, and plaintiffs had no notice by publication or otherwise. Plaintiffs then allege fraud on the part of the defendant, in that he knowingly, willfully, and falsely represented to the county court and the judge thereof, that there were no other heirs at law except Lena St. Clair O'Neill and Andrew J. O"Neill. Plantiffs pray judgment for their distributive share of the estate of the deceased. Exhibit "A" to plaintiffs' petition is the "decree of settlement of final account." The court approved the final account, and Exhibit "B" is the order of distribution and discharge of the sureties and the administrator. The court directs the cash, being $1,453.65, be distributed to Lena St. Clair O'Neill and Andrew J. O'Neill in equal shares, and that they have an undivided one-half interest in the real property, describing same.

To the petition the defendant demurred upon four grounds:

"(1) That said petition shows upon its face that there is an improper joinder of parties plaintiff.

"The petition wholly fails to state a cause of action.

"(3) The court is without jurisdiction to try and determine the issues in the case.

"(4) The petition fails to disclose upon its face that the plaintiffs have been adjudged and decreed as heirs of James Barney O'Neill in any court of competent jurisdiction."

The court sustained the demurrer on all the grounds therein mentioned, to wit, grounds numbered 1, 2, 3, and 4. Plaintiffs stood upon their petition, the cause was dismissed, and plaintiffs appeal.

As to the first ground of demurrer, to wit: "Improper joinder of parties plaintiff," we think the court erred in sustaining the demurrer upon this ground, but its action in so doing is not decisive in this case, as the court sustains the demurrer on all four grounds, specifically mentioning them.

Section 268, C. O. S. 1921, provides as follows:

"The defendant may demur to the petition only when it appears on its face, either: * * * Fourth, that there is a defect of parties plaintiff or defendant."

"Improper joinder" implies a "misjoinder," and not a "nonjoinder" or "defect of parties plaintiff," and demurrer upon this ground will not lie, but must be taken advantage of by motion.

In Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271, this court said:

"When a person is unnecessarily joined as a party plaintiff, it does not result in a defect of parties * * * and cannot be taken advantage of by demurrer, but by motion."

See, also, Stiles, Treasurer, v. City of Guthrie, 3 Okla. 26, 41 Pac. 383; Marth v. City of Kingfisher, 22 Okla. 619, 98 Pac. 436; Owen v. City of Tulsa, 27 Okla. 268, 111 Pac. 320; Dieterle v. Harris, 66 Okla. 314, 169 Pac. 873; Tucker v. Hudson, 38 Okla. 791, 134 Pac. 21; Bourland v. Madill State Bank, 32 Okla. 761, 124 Pac. 314.

Defendant cites Harrah State Bank v. School District No. 70, Oklahoma County, 47 Okla. 593, 149 Pac. 1190, but the question there was clearly a defect and not a misjoinder of parties, and the case is not in point.

The second error assigned is that the court erred in sustaining the demurrer for that the petition failed to state facts sufficient in law to constitute a cause of action in favor of plaintiffs. The petition alleges plaintiffs were heirs at law of the deceased; that the estate was appraised as of a total value of $2,288.65; that defendant was appointed administrator by the county court on August 22, 1918, and filed his inventory and appraisement on August 28, 1918, and on April 29, 1920, the county court made and entered an order of distribution, assigning one-half of the cash, $1,453.65, in equal shares to Lena St. Clair O'Neill, the widow, and Andrew J. O'Neill, the son, and decreeing them to have an undivided one-half interest in the real estate. The petition then alleges that plaintiffs had no notice of the hearing upon the final account or distribution, and no notice was ever published as required by law; that the order of the county court was made under a mistake of law

and fact, and was made and entered carelessly and negligently and mistakenly in fraud of plaintiffs' rights; that the defendant knowingly, willfully, and falsely represented to the court that Lena St. Clair O' Neill and Andrew J. O'Neill were the only heirs at law, and the court was misled and misinformed by these misrepresentations.

We cannot say from reading the petition in this case, as a whole, that the allegations of fraud and misrepresentation have any basis; in fact, they are distinctly negatived by the petition, as the plaintiffs allege:

"That the petition for the appointment of said defendant, Ray Cunningham, for letters of administration upon said estate, upon which petition said defendant was appointed as administrator of said estate, mentions these plaintiffs as being heirs at law of the deceased James Barney O'Neill."

The petiton for the appointment of an administrator is not attached as an exhibit to this petition, but as a demurrer to the petition admits all matters well pleaded, we must indulge the presumption that the petition for appointment of an administrator did so state. This being true, that petition was before the county court at the time it approved the final report and made its order of distribution, and in the absence of any showing to the contrary, it will be presumed that the court considered all matters necessary to arrive at its judgment, and the fraud alleged, not being extrinsic of the record, the judgment cannot be collaterally attacked.

In Dennis v. Kelly, 81 Okla. 155, 197 Pac. 442, it is said:

"The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, but only where such fraud is extraneous to the issues in the proceeding attacked." See O'Brien v. Van Arsdale-Osborn Brokerage Co., 80 Okla. 174, 194 Pac. 1083; Estes v. Timmons. 12 Okla. 537, 73 Pac. 303, 199 U. S. 391, 50 L. Ed. 241, 26 Sup. Ct. 85; Tracy v. Tracy, 76 Okla. 161, 184 Pac. 81; Balridge v. Smith, 76 Okla. 36, 184 Pac. 153; McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739; Wray v. Howard, 79 Okla. 223, 192 Pac. 584.

The order approving the administrator's final account is attached to and made a part of the plaintiffs' petition, and recites in part:

"Said final account coming on regularly to be heard. and it appearing to the satisfaction of the court that due notice of the settlement of said account at this time was given as required by law and the order of this court, and no exceptions or objections in writing to said account have been made and filed herein, and no one appearing to contest the same, and the court having fully examined the account and vouchers, and heard and duly considered all the evidence adduced," etc.

After this recital the court sets out in its order the amounts received, amounts disbursed. and balance in hand, and approves the final account. The court found that due notice had been given as required by law, and proceeded to approve the final account, and such a finding and order was within the jurisdiction of the court.

"The county courts of this state are courts of record and have original jurisdiction of probate matters. The orders and judgment of such courts when acting within their jurisdiction are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction." In re Green's Estate, 80 Okla. 256, 196 Pac. 128. See, also, Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Cora v. Smith, 23 Okla. 909, 102 Pac. 114.

The order of distribution made by the county court is made a part of the plaintiffs' petition. and such order directs the administrator to distribute the estate between Lena St. Clair O'Neill and Andrew J. O'Neill, as heirs at law, in equal proportions, and the petition alleges the administrator did make distribution strictly in accordance with the court's order.

Section 1360, C. O. S. 1921, provides:

"In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

In re Levin's Estate (Wis.) 27 N. W. 324, the court held:

"A party aggrieved by the alleged fraudulent acts of an administrator, whereby an order of court was made distributing an estate among parties not entitled thereto, should seek his redress by first petitioning the court to vacate such order of distribution and in such proceeding it is proper to make the beneficiaries under the fraudulent" order of distribution "parties defendant."

It is further held therein:

"The county court has power to vacate an order procured through the fraud of an ad-

ministrator and require such administrator to again render his account, and thereupon to make another order of distribution to such persons as may appear to be entitled to the same. See Aull v. St. Louis Trust Co.. 140 Mo. 1, 50 S. W. 289: Matter of Hoes, 104 N. Y. S. 529, 119 App. Div. 288; Lawyers' Surety Co. v. Reinach, 54 N. Y. S. 205; Keyser's Estate, 19 Pa. Co. Rep. 364; Harris. v. Starley, 176 Mass. 445, 57 N. E. 698.

Section 1410, C. O. S. 1921, provides that an appeal may be taken to the district court from a judgment, decree, or order of the county court—

"Sixth: Settling an account of an executor, administrator or guardian. Seventh: Refusing, allowing or directing the distribution or partition of an estate or any part thereof."

No appeal from the order complained of was lodged in the district court.

Plaintiffs allege they did not learn of the order of distribution of April 29. 1920, until September 15, 1922. The plaintiffs sue in their own right and not by guardian or next friend. We therefore assume they were of legal age, and resting under no legal disabilities. There is no suggestion in the record that they did not know of the death of the deceased, or that an administrator had been appointed. The action was filed more than six years after the appointment of the administrator, and more than four years after the approval of his final account and his discharge. Whether they were· guilty of such laches as would cause equity to deny them relief against the beneficiaries or distributees of the estate, in a proper proceeding to vacate the order of distribution in the proper forum, we are not called upon to determine in this case.

The correctness of the administrator's final account is admitted in the petition, and it is further admitted the administrator made distribution under order of the county court and in strict conformity therewith, and plaintiffs seek by original proceeding in the district court to have themselves decreed the heirs at law of deceased, and have the order of distribution vacated, and for personal judgment against the administrator in the sum of $1,654.57.

In Hilton v. Coyne (In re Coyne's Estate), 103 Okla. 279, 229 Pac. 630, this court held:

"If an administrator acts reasonably and in good faith in the disbursement of money pursuant to an order of the county court within its jurisdiction to make, he is protected thereby from personal liability."

See, also. Estate of Williams, 122 Cal. 76. 54 Pac. 386.

We think the rule as announced is sound and should not be departed from. An administrator duly appointed is an officer of the court, subject to its orders,. answerable to the court in. contempt proceedings, or removal from office by the court for refusal to obey the order of the court, and is entitled to the protection of the court in carrying out the orders of the court.

From the allegations of the petition negativing the allegations of fraud in the concealment of the true heirs at law, and in view of the authorities herein cited and quoted from, we find no. error in the judgment of the court sustaining the defendant's demurrer upon the ground that the petition did not allege facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant, and having arrived at this opinion, it will be unnecessary to consider the remaining grounds upon which the court sustained the demurrer, and for the reasons herein stated, the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 294, 295, 657; 20 R. C. L. p. 706. (2) 34 C. J. p. 225 § 448; p. 280 § 498; 15 R. C. L. p. 729; 3 R. C. L. Supp. p. 490. (3) 15 C. J. p. 1004 § 418; 15 R. C. L. p. 867. (4) 24 C. J. p. 91 § 515.