[Civil No. 840.   Filed March 26, 1904.]

[76 Pac. 623.]

CHARLES M. TAYLOR, Plaintiff and Appellant, v. THOMAS BURNS et al., Defendants and Appellees.

1. SALE—CONTRACT—POWERS—INTERPRETATION—NOT COUPLED WITH AN INTEREST—REVOCABLE AT WILL.—Where the owner of certain mining claims, for a consideration of one dollar, and money and labor theretofore expended, and of labor thereafter to be expended on said claims, sold them to plaintiff on condition that he should pay, whenever he could sell the mines, forty-five thousand dollars, and in addition thereto one eighth of whatever was received in excess thereof, the agreement also providing that the parties were to aid each other in the negotiation and sale, and the owner agreeing to execute any deeds necessary to convey a good title to any purchaser, the agreement conveyed no title to or estate in the mines to plaintiff, but was merely a power of attorney to sell, not coupled with an interest and revocable at the will of the owner.

2. SAME—SAME—CONSTRUCTION.—The intention of the parties to a contract must govern, as the intention is evidenced by a consideration of the entire instrument. Particular words may not be isolatedly considered, but the whole contract must be brought into view and interpreted with reference to the nature of the obligations between the parties, and the intention which they have manifested in forming them.

3. POWERS—WHEN IRREVOCABLE—TRICKEY v. CROWE, ANTE, P. 176, 71 PAC. 965, FOLLOWED.—The interest which will render a power of attorney irrevocable must be in the subject of the power, and not pertain to the power itself.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

Affirmed. See opinion, 203 U. S. 120.

The facts are stated in the opinion.

Barnes & Martin, and D. L. Cunningham, for Appellant.

We contend that the agreement placed in evidence in this case was not a power of attorney at all, but a contract of sale, and for good consideration, and hence irrevocable by the party of the first part; it could only be rescinded and set aside by the consent of both parties.

It was contended that the granting word in this contract— viz. the word "sells" ("said Burns *sells* to said party of the second part said mining claims")—is not a word of conveyance but is applicable only to personal property, and is not a word which can be used or construed as giving any title or right to a mining claim. This we deny. But for the statute of frauds, section 2708, which makes the term "real estate" under the statute of frauds to include mines and mining claims, mining claims could be sold orally. But the statute of frauds requires that a contract for a sale of real estate shall be in writing, and includes mining claims under the head of real estate in that title. This title simply provides that such contracts shall be in writing, and is not an authority for the form of the document. Mining claims may be sold by bill of sale so far as that statute is concerned. It is held, in *Table Mountain T. Co.* v. *Stranahan,* 20 Cal. 198, that mining claims can be transferred orally. The statutes of California afterwards required them to be in writing. In the absence of such a statute an oral transfer would be good. This has also been held in *Union Con. Min. Co.* v. *Taylor,* 100 U. S. 37, 25 L. Ed. 541, and *Lockhart* v. *Rollins,* 2 Idaho, 540, 21 Pac. 413.

A mining claim is not an estate of any of the tenures known at common law; it is not an estate in fee; it is land owned by the United States, in which the United States permits citizens to acquire certain rights upon certain conditions. These rights so acquired become very valuable oftentimes, and the

rights of a citizen who has complied with the acts of Congress are as complete as though he owned in fee simple, but it is merely a license granted him by the government. "They are subject to bargain and sale. They are property in the fullest sense of the word. May be sold, transferred, mortgaged and inherited." Miller, Justice, in *Forbes* v. *Gracey*, 94 U. S. 762, 24 L. Ed. 313; *Belk* v. *Meager*, 104 U. S. 279, 26 L. Ed. 735, says actual possession is not necessary for the protection of title acquired by valid location; it is simply the right to possession, while the paramount title remains in the United States.

Such a right is transferred by the term "sell" without any regard to the character of the fee or of the title, and the word "sell" in a contract is a word of assignment of all the right to possession of the party who is the seller, and the ordinary words of conveyance, "grant, bargain, and sell," are not required. The words "grant" and "bargain" are not necessary because the term "sell" implies and carries with it all right of the locator to the possession of the claims. (*Krider* v. *Lafferty*, 1 Whart. 303.)

If, however, it is to be construed as a power of attorney, it was a power of attorney coupled with the right of possession, which was all that Burns had; it was an interest in the subject-matter for good and valuable consideration, and a power coupled with such an interest could not be revoked. It was held, in *Hunt* v. *Rousmanier's Admrs.*, 8 Wheat. 175, 5 L. Ed. 589, that a power of attorney coupled with an interest is irrevocable and binds the party giving it, and may be executed after his death. Where an authorization or power of attorney is coupled with an interest, or where it is given for valuable consideration, it is, from its own nature and character, irrevocable. *Knapp* v. *Alvord*, 10 Paige, 205; *Bonney* v. *Smith*, 17 Ill. 533; *Raymond* v. *Squire*, 11 John. 47.

Herring & Sorin, for Appellees.

It is well settled that, though an instrument contains words expressing an absolute transfer, it will not be construed as a deed if, taking the whole instrument together, it appears that such was not the intention of the parties. *Peterson* v. *McCauley* (Tex. Civ. App.), 25 S. W. 826; *Wallace* v. *Wilcox*, 27 Tex. 60; *Sherman's Lessee* v. *Dill*, 4 Yeates (Pa.), 295, 2

Am. Dec. 408; *Stewart* v. *Lang,* 37 Pa. St. 201, 78 Am. Dec.
414; *Jackson* v. *Moncrief,* 5 Wend. 26; *Dunnaway* v. *Day,*
163 Mo. 415, 63 S. W. 731; *Williams* v. *Paine,* 169 U. S. 76,
42 L. Ed. 658, 18 Sup. Ct. 279; *Anderson* v. *Read,* 106 N.
Y. 333, 13 N. E. 292.

SLOAN, J.—The appellant brought suit in the court below
against the appellees to quiet title to three mining claims,
known as the "Victor," "Magnet," and "Comet," situate in
the California Mining District, in Cochise County. These
claims were located on the twenty-seventh day of February,
1900, by the appellee, Thomas Burns. On November 9, 1901,
Burns conveyed a one-fourth interest in the claims to the
appellee John A. Duncan, and on the ninth day of March,
1903, Burns and Duncan entered into an agreement for the
sale of the claims with the appellee S. R. Kaufman, as trus-
tee. The appellant, Taylor, bases his title to the claims upon
an agreement entered into with Burns on the twenty-sixth
day of March, 1901. This agreement is as follows:—

"This memorandum of agreement, made and entered into
this 26th day of March, A. D. 1901, by and between Thomas
Burns (a widower) of Cochise County, Arizona, the party
of the first part and Charles M. Taylor of Tucson, Arizona,
the party of the second part, Witnesseth:

"That the said party of the first part in consideration of
the sum of one dollar lawful money of the United States
of America in hand paid, the receipt whereof is hereby ac-
knowledged, and for the further consideration of money and
labor heretofore expended, and of labor to be hereafter ex-
pended in and upon the Magnet Mining Claim, the Comet
Mining Claim and the Victor Mining Claim, situate in the
California Mining District, in the Chiricahua Mountains,
Cochise County, Arizona Territory, sells to the said party of
the second part the said mining claims upon the terms and
conditions following, to wit:

"The said party of the second part shall pay to the party
of the first part, whenever he shall negotiate, sell or place
said mines to any assignee of the said party of the second
part, forty-five thousand dollars ($45,000.00) and in addi-
tion thereto one-eighth (⅛) of whatever price the said party
of the second part may be able to sell, place or negotiate the

said mines, for a consideration in excess of said $45,000.00; that is to say the party of the second part is authorized to sell and negotiate the said mines for any price above the sum of $45,000.00, and may retain out of said purchase price seven-eighths (7/8) of said selling price above such sum of $45,000.

"The said parties hereto hereby mutually agree to aid each other in the negotiation and sale of said mining claims, to the end that the same may be sold and the consideration realized as quickly as possible. And the said party of the first part hereby agrees to execute any deed or deeds or conveyances that may be hereafter necessary to convey a good title to said mining claims to whomsoever may purchase the same.

"This contract is to take the place of and supersede any and all other contract or contracts heretofore made by said parties hereto, with reference to said mining claims.

"In Witness Whereof, the said parties have hereunto set their hands this twenty-sixth day of March, A. D. 1901.

"Executed in Duplicate.

"[Signed]                              THOS. BURNS.
                                       "C. M. TAYLOR."

Upon the trial of the action the court admitted this agreement in evidence, but found that it vested in plaintiff no estate, right, or title in or to the said mining claims, and gave judgment against the appellant and in favor of the appellees, quieting their title in and to the same.

The only question involved is the construction to be given the agreement between Taylor and Burns. The contention of the appellant is that the agreement amounted to a sale to him of the mines for a given and valid consideration expressed in the instrument. The contention of counsel for the appellees is that, from the instrument as a whole, it clearly amounts to nothing more than a power of attorney authorizing Taylor to negotiate the sale of the claims upon the terms stated in the agreement, revocable at will. Upon the latter contention it was admitted by the appellant that, if the instrument was revocable at the will of Burns, such revocation was made by Burns on February 27, 1903.

It is a settled rule of construction of instruments of this character that the intention of the parties must govern, as this intention is evidenced by a consideration of the entire instrument. *Williams* v. *Paine,* 169 U. S. 76, 18 Sup. Ct. 279,

42 L. Ed. 658. "The elementary canon of interpretation is not that particular words may be isolatedly considered, but that the whole contract must be brought into view and interpreted with reference to the nature of the obligation between the parties, and the intention which they have manifested in forming them." *O'Brien* v. *Miller,* 168 U. S. 287, 18 Sup. Ct. 140, 42 L. Ed. 469. Tested by this rule, the agreement cannot be construed as a conveyance. For a consideration, Burns agreed to sell upon certain terms and conditions expressed. These terms and conditions were that Taylor was empowered and authorized to sell and negotiate the mines for any price above forty-five thousand dollars; that, upon such sale being made, he should pay to Burns forty-five thousand dollars of the purchase price, and one eighth of the excess of the purchase price over and above forty-five thousand dollars, and that both parties should aid and assist each other in the negotiation and sale of the claims, in order that they might quickly be sold, and the consideration realized; and that, further, upon said sale, Burns should execute any deed or deeds of conveyance that might be necessary to convey a good title to the purchaser or purchasers. It will be noted that Taylor was not obligated to pay any sum or sums of money whatever. There is nothing in the instrument which would permit a recovery by Burns against Taylor of any part of the purchase price. Upon no theory can the instrument be construed as a sale *in præsenti.* As an agreement to sell *in futuro,* it lacks the essential element of mutuality, in that Taylor was not obligated to pay the purchase price, or any part of it, or even to effect a sale. Again, the instrument expressly provides that, in case Taylor should effect a sale, the deed of conveyance should be made by Burns, which is an admission that the instrument was not to be construed as divesting Burns of his title, and that a conveyance from him would be necessary to vest his title in any purchaser. Not only does the contract fail to vest any title in Taylor, but it does not contemplate that Taylor should ever acquire the title. It merely provides that upon the contingency of a sale to another, brought about by his efforts or the joint efforts of himself and Burns, Taylor should share in the proceeds of such sale. Taking the instrument as a whole, it appears that it was intended merely as a power of attorney authorizing Taylor

to effect a sale of the mines, upon the terms mentioned, as the agent of Burns. Nor is this power of attorney one which, in legal effect, can be construed as being coupled with an interest in the mining claims, so that it could not be revoked. There is nothing in the instrument which evidences an intention that Taylor should acquire an interest in the premises pending a sale of the same. Mention of future labor as part consideration is of no avail as conferring an interest, for it fails to bind Taylor to perform any work; nor does it state by whom this labor was to be performed, when it was to be done, or of what it should consist. It is not even provided that Taylor should have any right of possession during the pendency of the sale, or should pay any of the expense of the annual labor required by law. Manifestly the only interest which Taylor acquired under the agreement was the contingent one of sharing in the proceeds of the sale in case he should effect it. The interest which will render the power of attorney irrevocable must be in the subject of the power, and not pertain to the power itself. As we have said, there is nothing in the instrument, taken as a whole, which gave Taylor any interest in the mining claims. He did not have the right of possession. His sole interest related to the consideration or proceeds to be derived from the sale. His power or agency was not, therefore, in legal contemplation, one coupled with an interest. In the case of *Trickey* v. *Crowe, ante,* p. 176, 71 Pac. 968, this court declared, in speaking of a power of attorney coupled with an interest, that by "such interest is not meant an interest in that which is produced by the exercise of power, but it must be an interest in the property on which the power is to operate"; and, further, that "the authority to sell on commission is not an authority coupled with an interest." We hold, therefore, that the agreement did not confer any title to or estate in the mines in question upon Taylor, and that the findings and decree of the trial court are correct.

The judgment will be affirmed.

Kent, C. J., and Davis, J., concur.