## SCHILLING v. MOORE *et vir.*

No. 1767.   Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(125 Pac. 487.)

1. **SPECIFIC PERFORMANCE — Contracts Enforceable — Employment of Real Estate Agent.** A contract appointing an agent to sell real estate, and agreeing to deliver deeds therefor as sold, and providing that the real estate agent retain all the proceeds in excess of the amount specified, is not one which can be enforced by a decre of specific performance. Such a contract is a contract of employment, and conveys no interest in the real estate.

2. **PRINCIPAL AND AGENT — Construction of Contract — Power Coupled With Interest.** An interest in the property upon which the power is to operate, and not merely an interest in the exercise of the power, is essential to make a power of attorney one coupled with an interest.

3. **PLEADING — Allegations in General — Presumptions.** After a party has amended his petition three times, and a demurrer is again sustained to it, no presumption will be indulged in favor of the pleading.

4. **SAME—Demurrer—Grounds.** While an action which is improperly brought for specific performance may be retained by the court for the purpose of rendering damages for breach of the contract, yet, if the petition, after repeated amendments, neither states a cause of action for specific performance, nor for damages for the breach of the contract, a general demurrer thereto should be sustained.

(Syllabus by Ames, C.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by H. C. Schilling against Mattie J. Moore and Samuel D. Moore. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. A. Smith,* for plaintiff in error.

*S. A. Horton,* for defendants in error.

Opinion by AMES, C.   This action was brought for the specific performance of the following contract:

"Capitol Hill, Okla., December 21, 1908. We, the undersigned, this day appoint H. C. Schilling, or his assignees, exclusive agent for a period of twelve months, to sell and dispose of lots 1, 2, 3, 4, 5, 38, 39, 40, 41 and 42, in block 35, Schilling's addition, supplemental plat, to Oklahoma City, Oklahoma, and we agree to deliver a warranty deed for the same at the rate of $150.00 per each lot, or its portion, at his request, at any time without delay, and that the said H. C. Schilling agrees to use quick and speedy means to bring about said sale, and should it become necessary to subdivide the said lots that extra expense shall be paid by H. C. Schilling, such as survey, replatting and filing said plats, etc. At the expiration of the time stipulated, if the property is not sold he may continue said agency by paying eight (8) per cent. interest upon the parts unsold, and should it become subdivided we agree to make deeds to the same pro rata upon prices stipulated above. [Signed] Mattie J. Moore, Samuel D. Moore, H. C. Schilling."

An examination of this contract discloses that there was a mere employment of the plaintiff as a real estate agent, and that his compensation for services rendered in the sale of the lots· was to be that portion of the purchase price in excess of the amount to be paid the defendants. Such a contract does not convey any interest in the land, and therefore is not one which is required to be in writing. *Hancock v. Dodge*, 85 Miss. 228, 37 South. 711; *Friedman v. Suttle*, 10 Ariz. 57, 85 Pac. 726, 9 L. R. A. (N. S.) 933, and the authorities cited in the note folfowing this report. It is not a power of attorney coupled with an interest. The test to be applied is stated in *Taylor* v. *Burns*, 203 U. S. 120, 27 Sup. Ct. 40, 51 L. Ed. 116, as follows:

"An interest in the property upon which the power is to operate, and not merely an interest in the exercise of the power, is essential to make a power of attorney one coupled with an interest, so as not to be subject to revocation."

To the same effect are *Hunt v. Rousmaniere*, 8 Wheat. 174, 5 L. Ed. 589; *Durkee v. Gunn*, 41 Kan. 496, 21 Pac. 637, 13 Am. St. Rep. 300; *Taylor v. Burns*, 8 Ariz. 463, 76 Pac. 623. The facts in *Taylor v. Burns*, supra, were stronger than in this case, as appears from the statement thereof in the first paragraph of the syllabus:

"No transfer of title was effected by an instrument which recites that the party of the first part 'sells' certain mining claims

to the party of the second part for a specified consideration, and 'upon the terms and consideration following,' and which, in its subsequent provisions, authorizes the party of the second part to sell and negotiate the mines for any sum above $45,000, and retain out of the purchase price seven-eights of the excess; the party of the first part agreeing to execute any conveyance thereafter necessary to convey a good title, and the party of the second part assuming no obligations except a general one by which both parties mutually agree to aid each other in the negotiation and sale. Such document is not a deed, but simply a power of attorney, and, as such, subject to revocation."

As the plaintiff by this contract acquired no interest in the real estate, he was not entitled to a decree for specific performance.

In *Kimmel v. Powers,* 19 Okla. 339, 91 Pac. 687, action was brought by Kimmel against Powers to secure the specific performance of a contract by which Kimmel was appointed as exclusive agent for the sale of the Woods addition to the city of Lawton, for a period of ten years, under an agreement by which he was to receive as compensation for his services a percentage of the net proceeds of sales and 25 per cent. of the unsold portions of the addition at the expiration of the contract. The court held that this contract created the relation of principal and agent; that it did not vest in the agent any interest in the real estate itself; and that therefore he was not entitled to a specific performance.

In *Cloe v. Rogers,* 31 Okla. 255, 121 Pac. 201, the rule is stated in the syllabus (paragraph 2) as follows:

"Where an agency is uncoupled with an interest, it may be revoked by the principal at will, without liability for damages; but where it is for a fixed time, and contemplates on the part of the agent the expenditure of time and money to carry it out, and is accepted and the duties imposed are entered upon by the agent, and money and time are expended in the pursuit of the object of the agency, although the principal has the power to revoke and bring to a termination the contract, yet he lacks the right of so doing, except upon the burden of responding to the agent for such damages as he may suffer by reason thereof."

But the plaintiff claims that even if it be true that he is not entitled to a specific performance, his petition stated a cause of

action for damages for the breach of the contract; and that therefore the trial court erred in sustaining a general demurrer to the petition. Conceding that this may be done (*Superior Oil & Gas Co. v. Mehlin*, 25 Okla. 809, 108 Pac. 545, 138 Am. St. Rep. 942), it becomes necessary to examine the petition to ascertain whether it states a cause of action for damages.

In *Atwood v. Rose*, 32 Okla. 355, 122 Pac. 929, this court said in the first paragraph of the syllabus:

"In the construction of a pleading, challenged by demurrer before trial, nothing will be assumed in favor of the pleader which has not been averred, as the law does not presume that a party's pleadings are less strong than the facts of the case warrant."

In *Emmerson v. Botkin*, 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953, the second and third paragraphs of the syllabus are as follows:

"In a case where a pleading is challenged before trial by demurrer, its language, where doubtful, will be construed against the pleader, upon the ground that, as he selects the language, he should make his meaning clear; and where in such a case a demurrer is sustained on account of the insufficiency of a pleading, and no application for amendment is made, it will be presumed that the facts to justify it do not exist.

"Essential facts necessary to be shown in order to entitle a party to relief demanded, and to which he supposes himself entitled, should be stated in the pleadings by allegation or averment, and not by way of recital."

This rule applies with particular force to the case at bar. A general demurrer was sustained to the original petition. The plaintiff filed an amended petition, and a general demurrer was sustained to this. The plaintiff filed a second amended petition, and a general demurrer was again sustained. The plaintiff thereupon filed a third amended petition, and a general demurrer was again sustained. Having made four efforts to state his case, nothing should be presumed in favor of the plaintiff; and we therefore examine the allegations of the petition to see whether or not he has stated an action at law for damages. It will be remembered that the contract provides that as compensation for his services he shall receive that portion of the purchase price

of the lots which is in excess of the amount to be paid to the defendants. It is manifest, therefore, that his measure of damages is this excess. In his petition he alleges only one sale, and that for the exact sum which the defendants were to receive for the lots sold, and he tenders that amount to the defendants and demands a deed. It is manifest, therefore, that on this sale he has sustained no damages, because there is no excess. He also alleges that he has made and entered into contracts with prospective purchasers for other portions of the property, and that some of them are ready, willing, and able to buy, but that the defendants have refused to execute deeds. This allegation, aside from its utter indefiniteness, fails to allege the price' at which these contracts were made, and therefore fails to show any damages sustained by the plaintiff. After four attempts to state his case, it would seem that, if the plaintiff had sold to others .at an advance, he would have been able to say so. He alleges that the lots are worth more than the price to be received by the defendant, and prays as damages the difference between the value of the lots and that price; but that manifestly is not any proper measure of damages, as, before he would be entitled to recover, he must produce a purchaser ready, able, and willing to buy (*Yoder v. Randol,* 16 Okla. 308, 83 Pac. 537, 3 L. R. A. [N. S.] 576, and note) ; or, at all events, he must allege such facts as bring him within the rule laid down in *Cloe v. Rogers, supra.* It is manifest that this petition was framed four times on the theory that plaintiff was entitled to specific performance. It is not a suit for damages for breach of the contract; and if the proof sustained every allegation of the petition—and no more— no recoverable damage would be shown.

In the syllabus of *Kimmel v. Powers,* 19 Okla. 339, 91 Pac. 687, *supra,* it is said:

"Where a petition neither states a cause of action in equity nor at law, a demurrer thereto should be sustained."

As this petition did not state facts sufficient to entitle the plaintiff to specific performance or damages for breach of the contract, we think the trial court was correct in sustaining the demurrer.

The judgment should be affirmed.

By the Court: It is so ordered.