## SLOAN v. THOMPSON et al.

Court of Appeals of District of Columbia.

Submitted November 8, 1928. Decided January 7, 1929.

Petition for Rehearing Denied January 26, 1929.

No. 4645.

R. E. Wellford and J. P. Labofish, both of Washington, D. C., for appellant.

D. T. Wright, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order and judgment of the lower court, sustaining a general demurrer to the plaintiff's declaration, and dismissing the cause.

The declaration reads as follows, to wit:

"The plaintiff, Frank J. Sloan, of the city of Washington and District of Columbia, sues the defendants, Nettie O. Thompson and Graham Loving, also of the city of Washington and District of Columbia, for that heretofore, to-wit, on the 28th day of May, 1923, at Washington, D. C., the plaintiff and the defendants made and entered into an agreement in writing and under seal, wherein and whereby the defendants employed the plaintiff, an attorney at law of the city of Washington and District of Columbia, to negotiate for them an alleged claim for services rendered by them to one Thomas P. Graham, deceased, during his lifetime, and which were not fully paid for by him, the said negotiation to be with or concerning one Mary E. G. Phipps, of Troy, New York, the residuary legatee named by the said Thomas P. Graham in his last will and testament, the defendants agreeing, both jointly and severally, in said contract to pay to the plaintiff for his services in that connection an amount equal to twenty per cent. of any benefit received by them or either of them, from the said Mary E. G. Phipps or her estate, it being specifically agreed in said contract that any benefit, present or future, coming to the defendants or either of them, in the form of a legacy, devise or otherwise, from the said Mary E. G. Phipps, issuing from any of her resources, should be construed to be from the efforts of the plaintiff, and the plaintiff agreed to prosecute the said negotiation for the defendants to the best of his ability, and to go to Troy, N. Y., and there remain until he had exhausted every legitimate means to him known for the accomplishment of his purpose. And the plaintiff says that he did go to Troy, N. Y., in behalf of these defendants, at his own expense, on, to-wit, June 4, 1923, and prosecuted to the best of his ability the alleged claim of the defendants, and did not leave said city of Troy, N. Y., until he had exhausted every legitimate means to him known to accomplish his purpose. And the plaintiff further says that Mary E. G. Phipps departed this life, testate, on or about October 15, 1924, and by her last will and testament Graham Loving, one of the defendants hereto, became entitled to the sum of twenty thousand dollars, which sum was paid to him on, to-wit, January 20, 1926, by the administrator of the estate of Mary E. G. Phipps, deceased. The plaintiff further states that he, prior to the receipt of the aforesaid twenty thousand dollars by the defendant, Graham Loving, had performed every service required of him, and in the manner as specified in said contract, and plaintiff alleges that he is now and has been since January 20, 1926, entitled to recover from the defendants, or either of them, the sum of four thousand dollars, being an amount equivalent to twenty per cent. of the amount received by the said defendant Loving, as provided in said contract. And plaintiff alleges that the defendants, or either of them, have not paid

the aforesaid amount, although often requested so to do, nor has any one paid the same for them, or for either of them, or any part thereof.

"Wherefore the plaintiff brings this suit, and claims of the defendants the sum of four thousand dollars, with interest at 6% from January 20, 1926, besides costs."

The defendant Graham Loving demurred to the declaration, assigning as grounds therefor: (1) That it fails to set forth facts sufficient to constitute a cause of action; (2) that it fails to set forth that the plaintiff upon his part performed the obligations which were necessary by him to be performed under the alleged contract, in order to entitle him to recover against defendant; and (3) that it fails to show that the legacy, left to defendant by Mary E. G. Phipps, was left by her on account of, or through or by reason of, any services or acts or doings of the plaintiff.

The defendant Nettie O. Thompson also demurred to the declaration upon grounds identical with (1) and (2), supra, and adding (3) that the declaration shows upon its face that the plaintiff rendered no service to her for which he is entitled to recover against her.

The lower court sustained the demurrer; the plaintiff elected to stand upon the declaration; and the court rendered a judgment of dismissal.

In our opinion the ruling of the lower court was right.

■ It is difficult to come to a satisfactory conclusion upon the present issue, inasmuch as the terms of the contract between the parties seem to have been indefinite and obscure, and the allegations of the declaration are consequently of the same character. But as we construe the contract the defendants were bound to pay plaintiff as compensation for his services an amount equal to 20 per cent. of any benefit received by either or both of them from Mary E. G. Phipps or her estate, whether by legacy or otherwise, which was secured by or resulted from the services rendered by plaintiff in the performance of the contract. This construction is confirmed by the term that "any benefit, present or future, coming to the defendants or either of them, in the form of a legacy, devise or otherwise, from the said Mary E. G. Phipps, issuing from any of her resources should be construed to be from the efforts of the plaintiff." This language fairly signifies that the compensation of plaintiff should depend upon the amount secured by his efforts for the defendants; otherwise the provision last quoted would be without effect. We think, however, that this construction was not intended to be conclusive, nor to entitle plaintiff to a percentage of any legacy not secured in fact by his efforts under the contract.

In this view of the contract the declaration must be held to be defective, inasmuch as it fails to aver that the legacy in question was actually secured by the efforts of the plaintiff. The construction to that effect provided by the contract does not take the place of such an averment in the declaration.

■ It is a familiar rule that "a pleading will be construed against the pleader, that is, if the meaning of the words be equivocal and two meanings present themselves that construction is to be adopted which is most unfavorable to the party pleading, on the theory that it will be presumed that the pleader has stated his case as strongly as he can." 31 Cyc. 78.

The judgment of the lower court is affirmed, at the costs of the appellant.