## COFFEY v. COLONIAL TRUST CO.
### No. 5026.

Court of Appeals of District of Columbia.
Submitted Feb. 9, 1931.
Decided May 4, 1931.

T. Morris Wampler, of Washington, D. C., for appellant.

Charles F. Wilson, Swagar Sherley, and Frederick Dec. Faust, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District for the defendant (appellee here).

Appellant (plaintiff below) filed a declaration in three counts. A demurrer was interposed, which was sustained, and plaintiff by leave of court filed an amended declaration. To this, a demurrer was filed and sustained. By leave of court, a second amended declaration was filed. Again a demurrer was interposed and sustained. Again leave was given to amend, but plaintiff elected to stand on her second amended declaration.

In the first count of the declaration it is alleged that defendant is a foreign corporation doing business in the District of Columbia; that from the 4th of October, 1927, to the 29th of August, 1928, plaintiff "was in the possession and occupancy of premises known as Apartment 606, at 1301 Mass. Avenue, Northwest, in the City of Washington, in the District of Columbia, and paid rent to the defendant for the occupancy of the said premises"; that the possession and occupancy of the premises was held by her under and by virtue of a certain lease to her in writing, dated the 4th day of October, 1927, for the period of twelve months, commencing on the 1st of October, 1927, and which said lease was on the 29th day of August, 1928, in full force and effect; that on the 29th of August, 1928, she was not in default "of any of the terms and conditions of the said lease"; that upon the 29th of August, 1928, "while she was in the possession and occupancy of the said premises as aforesaid, under said lease, she attempted to enter the said premises and was wrongfully and un-

lawfully prevented by the defendant from doing so. The said defendant wrongfully and unlawfully blocking her entrance into said premises, and wrongfully and unlawfully prohibiting her from entering the same." She further alleges "that by reason of the premises, she has been put to great inconvenience and annoyance, mortification and humiliation, and her business has been ruined and destroyed."

The second count differs from the first, in that it is alleged that the plaintiff held the premises as a tenant by sufferance, "without an agreement for a term."

The third count is substantially like the second.

Defendant contends, and evidently the court below found, that "the form of the action is misconceived, it being impossible from the structure and phraseology of the declaration to determine whether it is intended to be in trespass, covenant, case or some other form."

This being plaintiff's third attempt to state her case, it must be assumed that she has stated it in its most favorable aspect. Sloan v. Thompson, 58 App. D. C. 318, 30 F.(2d) 560; Lyons v. Reinecke (C. C. A.) 10 F.(2d) 3, 7; Chambers v. Whelen (C. C. A.) 44 F.(2d) 340, 341. She alleges that she "paid rent to the defendant for the occupancy of the said premises." Her failure to allege that the defendant was the lessor or owner justifies the inference that it merely collected the rent for the landlord. Had the relationship of landlord and tenant existed, it would have been very easy for the pleader to have alleged the facts out of which such a relationship sprang. Certainly collecting rent for the landlord does not make the collector a landlord. Further support is found for this conclusion in the averment that "the said premises aforesaid was held by her under and by virtue of a certain lease to her in writing," etc. Here, again, the pleader for some reason failed to reveal the identity of the lessor. Why? Certainly it may not be assumed that the defendant was the lessor.

Notwithstanding the failure of plaintiff to allege facts giving rise to the relationship of landlord and tenant, her counsel contended below, and contends here, that the action is against the defendant as landlord for disturbing its tenant in the possession of the premises; in other words, that this is an action ex contractu. For the reasons already indicated, we are of the view that the declaration does not state such a cause of action.

Nor is it our duty in the circumstances to attempt a reconstruction of plaintiff's declaration to make a case differing from that evidently intended. "Having therefore, elected to stand on the complaint as it is now written, there is no reason why the court should attempt to give to their pleading some form and theory which they themselves are unwilling to adopt." Richard v. American Union Bank, 241 N. Y. 163, 169, 149 N. E. 338, 340, 43 A. L. R. 512. See, also, Schilling v. Moore, 34 Okl. 155, 125 P. 487.

The judgment is affirmed, with costs.

Affirmed.