**INTERNATIONAL TRADING CORPORA-
TION v. EDISON, Acting Sec. of
U. S. Navy.**

**No. 7383.**

United States Court of Appeals for the
District of Columbia.

Argued Nov. 8, 1939.

Decided Dec. 4, 1939.

Petition for Rehearing Denied Jan. 26, 1940.

D. F. McGowan, of Washington, D. C.,
for appellant.

David A. Pine, U. S. Atty., Howard
Boyd and William S. Tarver, Asst. U. S.
Attys., and Ralph E. Day, Atty., Office of
the Judge Advocate General of the Navy,
all of Washington, D. C., for appellees.

Before GRONER, C. J., and MILLER
and EDGERTON, JJ.

GRONER, C. J.

Appellant brought suit in the court be-
low for a writ of mandamus to compel
the Secretary of the Navy and the Chief
of the Bureau of Supplies and Accounts
to award to it a contract for the purchase
of teak wood, for use by the United States
Navy, R.S. §§ 3718–3724[1] authorizes the
Secretary to procure "provisions, clothing,
hemp, and other materials" by contract
with the lowest bidder after due advertise-
ment. Sec. 3718 provides that the lowest
bidder "offering to furnish any class of
such articles, and giving satisfactory se-
curity for the performance thereof, under
a forfeiture not exceeding twice the con-
tract price in case of failure, shall receive
a contract for furnishing the same". Sec.
3722 authorizes the chief of any bureau
to reject the offer of any person who as
principal or surety has been a defaulter on
any previous contract with the Navy De-
partment, and Sec. 3724 authorizes the
Secretary to reject a bid which in his
judgment appears to be for an excessive or
unreasonable price.

The petition shows that appellant, pur-
suant to the invitation of the Secretary,
duly submitted the lowest bid with a
guaranty of satisfactory security, and con-
formed in all respects with the applicable
provisions of the law; that a few days
after the bids were opened, in response to

[1] 34 U.S.C.A. § 561 et seq.

a request of the Bureau Chief, appellant furnished the names of its suppliers of teak wood; whereupon, without prior notice, the Department rejected its bid and readvertised for offers of the desired teak wood and subsequently awarded contracts therefor to other persons.

■ The court below sustained a motion to dismiss the petition and entered judgment accordingly.[2] This appeal was then taken.

■ Even if it be assumed that in November 1937 respondents were in duty bound to accept appellant's bid, the petition was not filed until August 31, 1938, after the making of other contracts to purchase the needed materials, and at that time respondents were under no duty to buy more teak wood for the United States. The duty must exist at the time of filing a petition for mandamus. United States ex rel. International Contracting Co. v. Lamont, 155 U.S. 303, 15 S.Ct. 97, 39 L.Ed. 160.

■ ■ Without regard to this, however, we think the motion to dismiss was correctly granted, for the suit is in effect against the United States. The respondents are nominal parties. They are sued only in their respective official capacities, and the claim made upon them is for the performance of acts which are implicit in the duties and functions of their offices. The things to be done are of the functionary and not of the individual. In like circumstances it was said by Lord Chief Justice Cockburn that, where parties are acting as servants of the Crown, and are amenable to the Crown, they are not also amenable to the courts in the exercise of their prerogative jurisdiction.[3] Here, the effect of assuming jurisdiction would be to require the United States to make a contract and specifically perform it; to accept the quantity of teak wood for which bids were asked, and pay for it—notwithstanding they admittedly have purchased other wood in its place. In this view, the United States are the only parties in responsibility and interest, and the statute has made no provision for the substitution of other parties to represent them, nor for an inquisition into their affairs in their absence; nor for a curator ad hoc or guardian ad litem to answer for them. The rule is well established that, where the obligation is that of the principal, no court can enforce it against the agent as long as he is merely acting as agent. As we said was true in the case of Haskins Bros. & Co. v. Morgenthau,[4] so in this case, the Secretary is not an agent of government threatening to invade the rights of the citizen and justifying his action on the basis of a supposed authority in a law; nor is the suit for the purpose of requiring him to perform a plain ministerial duty; nor is it a case in which specific property found in his hands is claimed to have been illegally exacted. An order commanding the defendants to award the contract would compel the United States to accept title to property and pay for it. Consent to such a suit has not been given, and without it the government may not be so compelled any more than it may be compelled to perform a contract specifically;[5] to sell its property;[6] to use its property in a cer-

---

[2] The suit was begun a few days before the Federal Rules of Civil Procedure became effective. Appellant insists that, since under the old law the respondents would have been required to answer (United States ex rel. West v. Hitchcock, 19 App.D.C. 333), and all defects in the substance of the petition would have been passed upon after a trial, the action of the court in permitting the filing of a motion to dismiss under Rule 12(b), 28 U.S.C.A. following section 723c, and in refusing to defer action on this motion was improper. Rule 86, however, provides that the new rules shall apply to all further proceedings "except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work in-

justice." Since the petition was fatally defective and revealed a lack of jurisdiction in the trial court, no unfeasibility or injustice resulted from the course taken.

[3] Queen v. Commissioners of Treas., L. R. 7 Q.B. 387–394.

[4] 66 App.D.C. 178, 85 F.2d 677, certiorari denied, 299 U.S. 588, 57 S.Ct. 118, 81 L.Ed. 433.

[5] Wells v. Roper, 246 U.S. 335, 38 S. Ct. 317, 62 L.Ed. 755; Transcontinental & Western Air v. Farley, 2 Cir., 71 F. 2d 288; Boeing Air Transport v. Farley, 64 App.D.C. 162, 75 F.2d 765.

[6] United States ex rel. Goldberg v. Daniels, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191.

tain manner;[7] nor any more than it may be restrained from using its own property;[8] or from entering into a contract.[9]

This doctrine has been so often announced by the Supreme Court and by us that more on the subject is unnecessary. It is enough that the doctrine rests upon reasons of public policy which by the nature of things resist the conclusion that a judicial tribunal shall have jurisdiction to declare the State a debtor without its consent. Any other rule would result in paralysis and confusion.

Affirmed.

---

[7] Haupt v. Wright, 32 App.D.C. 408.

[8] Belknap v. Schild, 161 U.S. 10, 16 S. Ct. 443, 40 L.Ed. 599; International Postal Supply v. Bruce, 194 U.S. 601, 24 S.Ct. 820, 48 L.Ed. 1134.

[9] Johnstown Coal & Coke Co. v. Wilson, D.C., 60 F.2d 557.