## WALTER P. VILLERE CO. v. BLINN, District Engineer.

### No. 11666.

Circuit Court of Appeals, Fifth Circuit.

July 16, 1946.

Edwin H. Grace, of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty., and Nicole E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

PER CURIAM.

Appellant, plaintiff below, the high bidder on a publicly advertised levee enlargement project, brought this suit to restrain the appellee from accepting the lower bid of, and awarding the contract to, Jones & Gillis, Inc., and, if the contract had been already awarded, from proceeding further under it. The jurisdictional claim was that the suit was one arising under the constitution and laws of the United States, to-wit, under Revised Statutes 3709, 41 U.S.C.A. § 5.[1] The claim on the merits was that, having bid 24.87¢ per cubic yard as against plaintiff's bid of 36.20¢, Jones & Gillis, on the plea of typographical error, was allowed by defendant to correct its bid to 34.87¢ and receive the award of the contract, whereas the defendant should have either awarded the contract to plaintiff or rejected both bids and readvertised.

---

[1] "All purchases and contracts for supplies or services, in any of the departments of the Government, except for personal services, shall be made by advertising a sufficient time previously for proposals respecting the same, when the public exigencies do not require the immediate delivery of the articles, or performance of the service. When immediate delivery or performance is required by the public exigency, the articles or service required may be procured by open purchase or contract, at the places and in the manner in which such articles are usually bought and sold, or such services engaged, between individuals."

The defenses on jurisdiction were: (1) That the statute, enacted for the benefit of the United States, conferred no rights on bidders, and the suit was therefore not one arising under the Constitution and laws; and (2) that the suit was against the United States. On the merits the defenses were: (1) That the invoked statute conferred no rights on bidders; and (2) that if it did, plaintiff, the admittedly high bidder, had no standing under it. The district judge, of the opinion that the jurisdictional points were well taken, dismissed the suit for want of jurisdiction, and plaintiff has appealed.

■ On oral argument it was admitted that the contract had been awarded, a large part of it had been, and the whole would soon be, completed, and the claim was advanced that the controversy had become moot. It does appear that little of substance remains in the case. In view, however, of the fact that the petition prayed not merely that the award of the contract but further performance under it be restrained, we think the controversy is not wholly moot.

■ Whatever we might have thought before Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 97, 81 L.Ed. 70, the doctrine of that case compels us to conclude that plaintiff's suit is not one arising under the constitution and laws. For a suit to so arise it is not sufficient that a statute be invoked as the basis of a claim. "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank, supra; Cf. Calhoun County v. Roberts, 5 Cir., 137 F.2d 130; Cook v. United States, 5 Cir., 115 F.2d 463; International Trading Corporation v. Edison, 71 App.D.C. 210, 109 F.2d 825; Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S. Ct. 869, 876, 84 L.Ed. 1108. The invoked statute was not enacted to, it does not, confer rights on bidders. Perkins v. Lukens

Steel Co., supra, thus states its purpose and effect:

"Section 3709 of the Revised Statutes requires for the Government's benefit that its contracts be made after public advertising. It was not enacted for the protection of sellers and confers no enforceable rights upon prospective bidders."

An examination of the statute in question in the light of this construction of it leaves us in no doubt that plaintiff's suit does not jurisdictionally arise under it, and that, the requisite diversity lacking, the suit was properly dismissed. In addition, the suit having for its purpose to compel the officers of the government to take affirmative action affecting the government under a statute enacted for the benefit of the government and not of plaintiff and persons in like case with it, we think the suit was a suit against the United States.[2] For that reason also, it should have been dismissed for want of jurisdiction.

■ But if there was jurisdiction, the judgment of dismissal should still stand. For on the merits appellant's case is no better. The high bidder, and therefore without right to an award in its favor, nothing in the statute supports its claimed right to demand the rejection of all bids. Certainly nothing supports its claim as high bidder to have the award made to it. The authorities appellant relies on do not support it. United States v. Brookridge Farm, 10 Cir., 111 F.2d 461 was a suit brought under the Tucker Act, 28 U.S. C.A. § 41(20), for damages for breach of contract. Noce v. Edward E. Morgan Co., 8 Cir., 106 F.2d 746, while a suit for injunction, was, as the opinion shows, a very different kind of suit from that brought here. There the injunction was brought not to compel the United States to take affirmative action with respect to others than plaintiff, but to prevent an officer from following an unlawful and unauthorized course, affirmatively directed against the plaintiff. Here the officer sought to

---

2 Wells v. Roper, 246 U.S. 335, 38 S. Ct. 317, 62 L.Ed. 755; Goldberg v. Daniels, 231 U.S. 218, 219, 34 S.Ct. 84, 58 L.Ed. 191; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

be restrained is taking no affirmative action against, is requiring nothing of, plaintiff. Plaintiff's suit is one to compel him to take affirmative action as an officer of the United States with respect to matters as to which plaintiff is without standing to sue. The appeal is without merit. The judgment of dismissal is affirmed.