**HUDSON SUPPLY & EQUIPMENT COMPANY, a corporation, Appellant,**

v.

**HOME FACTORS CORP., a corporation, Assignee of Eastern Brick & Tile Company, Inc., Appellee.**

No. 3662.

District of Columbia Court of Appeals.

Argued March 8, 1965.

Decided June 16, 1965.

Dexter M. Kohn, Washington, D. C., for appellant.

Irwin S. Landau, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Home Factors Corp., to which Eastern Brick & Tile Co., Inc. had assigned two accounts receivable for brick sold and delivered to Hudson Supply & Equipment Company, brought this action against Hudson for the amount due under the accounts, namely, $1,034.25.

Hudson's defense was that Eastern was indebted to it in an amount in excess of that sued for, and that it was entitled to a set-off for the full amount claimed.

At trial Hudson offered testimony that at the time of the assignment of the two accounts by Eastern to Home Factors, Hudson had claims of over $2,200 against Eastern growing out of other purchases.

The trial court ruled that there was a proper assignment from Eastern to Home Factors and that Home Factors was entitled to judgment for the full amount of its claim. However, the trial court stated "that the evidence indicated that the problem was between Hudson and Eastern and that defendant Hudson was entitled to credits of $229.22 and $172.31 from Eastern and in addition had other claims for credits against Eastern—all of which indicated that Eastern and Hudson should litigate separately the issues between them."

The general rule here and elsewhere is that the assignee of a chose in action takes it subject to all defenses, including set-offs, existing at the time of the assignment.[1] Since it is undisputed in this case that the asserted claims of Hudson existed at the time of the assignment, it is apparent that the trial court misconceived the law relating to assignments. When it was found that Hudson was entitled to certain credits, those credits should have been set off against the claim of Home Factors; and Hudson's "other claims for credits against Eastern" should have been determined, and, if established, should also have been set off against Home Factors' claim.

Reversed with instructions to grant a new trial.

1. Thurston v. McLellan, 34 App.D.C. 294 (1910); 80 C.J.S. Set-off and Counterclaim § 54; 47 Am.Jur. Set-Off and Counterclaim § 61. See also, D.C.Code 1961, § 28:9-318 (Supp. IV, 1965), effective January 1, 1965, adopting § 9–318 of the Uniform Commercial Code, which makes the rights of an assignee generally subject to any defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.