Leonard RITTENBERG, T/A Leonard Rittenberg & Co., Appellant,

v.

DONOHOE CONSTRUCTION CO., INC., and John F. Donohoe & Sons, Inc., and WGMS AM/FM Division of RKO Radio, Division of RKO General, Inc., Appellees.

Nos. 12957, 13103.

District of Columbia Court of Appeals.

Argued Nov. 21, 1978.

Decided Jan. 5, 1981.

Michael E. Brand, Washington, D. C., for appellant.

Dorothy Sellers, Washington, D. C., for appellees Donohoe Const. Co., Inc. and John F. Donohoe & Sons, Inc., Cathy Simon-Rose, Washington, D. C., filed a brief for appellees.

Mac S. Dunaway, Washington, D. C., for appellee WGMS, AM/FM Division of RKO Radio, Division of RKO General, Inc.

Before FERREN, Associate Judge, YEAGLEY, Associate Judge, Retired, and WAGNER, Associate Judge, Superior Court of the District of Columbia.*

WAGNER, Associate Judge:

Appellant filed an action for constructive eviction and breach of lease covenants against his sublessor, WGMS AM/FM Division of RKO Radio, Division of RKO General, Inc. (WGMS), the prime lessor, Donohoe Construction Co., Inc. (Donohoe), and the prime lessor's rental agent, John F. Donohoe & Sons, Inc. (J.F.D.). The trial court

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

dismissed the complaint for failure to state a claim upon which relief could be granted. This court affirms the orders of the trial court dismissing the complaint as to the prime lessor and its rental agent. The complaint does state, in part, a cause of action against appellant's sublessor. Therefore, the court reverses the trial court's order dismissing the complaint as to appellant's sublessor with instructions to reinstate same consistent with this opinion.

The complaint alleges that appellant entered a sublease with WGMS in February 1973 for certain space for a term to end January 14, 1980. A copy of this sublease is attached to appellant's verified complaint and incorporated therein by reference. Appellant's complaint seeks damages resulting from alleged breaches by WGMS of covenants in this sublease, including the covenant of quiet enjoyment, and for an alleged constructive eviction from the leased premises. Although the complaint alleges that— to appellant's knowledge—the sublease was not assigned to Donohoe by WGMS, it alleges that Donohoe, as assignee of the sublease, is liable for breaches of the sublease committed by WGMS prior to its assignment to Donohoe. The only specific allegation in the complaint against J.F.D. is that, at all relevant times, J.F.D. was Donohoe's agent and collected rents. The complaint also alleged that appellees terminated their lease with WGMS on December 1, 1975; and that appellant notified appellees that they were free to re-let the premises because appellant's sublease was extinguished by surrender to the prime tenant (WGMS), and that appellant surrendered the premises on December 31, 1975, after having permitted Donohoe to show the premises. As damages, appellant claimed overpayments in rent, loss of business, loss of leasehold improvements and advantageous leasehold, consequential damages, moving costs, and other damages.

The trial court dismissed appellant's complaint for failure to state a claim upon which relief can be granted without opinion and without leave to amend. Appellant opposed appellees' alternative requests for a more definite statement, and he did not request leave to amend the complaint prior to its dismissal. As one ground for a "Motion for Clarification of Order" filed after dismissal of his suit, appellant noted the court's failure to grant leave to amend as a part of its dismissal orders. Appellant does not assign as error the trial court's failure to grant leave to amend. He relied there, as he does on appeal, upon the sufficiency of his complaint to state a claim against appellees. Although various documents outside the pleadings were offered without supporting affidavits, in support of the arguments for and against dismissal of the complaint, the orders dismissing the complaint do not indicate that the court treated appellees' motions as motions for summary judgment under Super.Ct.Civ.R. 12(b)(6) and 56, and this court will not assume that they do so.

I. *The Complaint Against J.F.D.*

Dismissal of a complaint under Super.Ct. Civ.R. 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate only where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which will entitle him to relief." *Owens v. Tiber Island Condominium Ass'n*, D.C.App., 373 A.2d 890, 893 (1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Appellant's claim against J.F.D. falls within that category. The complaint alleges only that J.F.D. is a corporation engaged in the real estate management business and that, at all times relevant to the claim, it was the agent for appellee Donohoe and the nonsuited defendants, and collected rents on the subject real property. According to the complaint, appellant's claims for damages arise out of alleged breaches by WGMS of its sublease with appellant. J.F.D. is not a party to the sublease. There are no allegations in the complaint tending to show the existence of any relationship between WGMS and J.F.D. Therefore, no basis exists for J.F.D.'s liability as agent for WGMS.

Appellant's claim against J.F.D., if any exists, must be based upon J.F.D.'s

position as rental agent for Donohoe. There is an absence from the complaint of any allegations of acts committed by J.F.D. as agent for Donohoe which give rise to a cause of action against J.F.D. The allegation that J.F.D. collects rents for Donohoe, standing alone, is insufficient to state a claim against J.F.D. Simply collecting rents for a landlord does not create a landlord-tenant relationship between the tenant and the rental agent entitling the tenant to a claim against the rental agent for damages for breach of his lease agreement, and for constructive eviction by his landlord. *Coffey v. Colonial Trust Co.*, 60 App.D.C. 163, 164, 50 F.2d 313, 314 (1931).

■ General agency principles likewise preclude relief against J.F.D. as rental agent. The only parties with whom appellant is alleged to have had contractual relations are WGMS under the sublease, and Donohoe by virtue of an alleged assignment of the sublease. Both WGMS and Donohoe are disclosed principals. Where a principal is disclosed, no liability will fall upon the agent for acts committed by the principal unless he binds himself for same by definite words or stipulation. *See Ezersky v. Survis*, D.C.Mun.App., 43 A.2d 294, 295 (1945); *International Trading Corp. v. Edison*, 71 App.D.C. 210, 211, 109 F.2d 825, 826, *cert. denied*, 310 U.S. 652, 60 S.Ct. 1099, 84 L.Ed. 1417 (1939); *Haskins Bros. & Co. v. Morgenthau*, 66 App.D.C. 178, 182, 85 F.2d 677, 680, *cert. denied*, 299 U.S. 588, 57 S.Ct. 118, 81 L.Ed. 433 (1936). Nor does liability attach to an agent of a disclosed principal for his act within the scope of the agency unless he binds himself by definite words or stipulation. *See Walford v. McNeill*, 69 App.D.C. 247, 250, 100 F.2d 112, 115 (1938). The complaint does not allege that J.F.D. bound itself in any way to be responsible for performance of any lease covenants. It appears beyond doubt that no basis exists for appellant's claim for damages against J.F.D. as rental agent for Donohoe for breaches of the covenants in the sublease and for constructive eviction as sought in its complaint. Therefore, dismissal as to J.F.D. was proper.

## II. *The Complaint Against Donohoe*

■ The complaint seeks damages against Donohoe for breaches by WGMS of its lease with appellant prior to the assignment of the lease to Donohoe. Appellant's theory of entitlement to recover against Donohoe, as stated in the complaint, is that as assignee of the sublease from WGMS, Donohoe has made itself liable for any claims for breaches which could have been asserted against WGMS including the breach of covenant of quiet enjoyment. The general rule is that an assignee of a chose in action takes it subject to all defenses, including any valid set-off based on facts existing at the time of the assignment. *General Electric Credit Corp. v. Security Bank of Washington*, D.C.App., 244 A.2d 920, 923 (1968); *Hudson Supply & Equipment Co. v. Home Factors Corp.*, D.C. App., 210 A.2d 837, 838 (1965). In this case, this means that in any claim arising out of the sublease between WGMS and appellant made by Donohoe against appellant, appellant would be entitled to a set-off to the same extent he would have been against the assignor, WGMS. However, no independent cause of action against Donohoe for past breaches of the sublease by WGMS is created merely by reason of the assignment of the sublease by WGMS to Donohoe. An assignee is responsible only for obligations of the assignor which he contracts to undertake. If he has not so contracted, no action can be maintained against him. *See* 4 Corbin on Contracts § 906 (1951).

An attempt to assert an independent cause of action against an assignee of a lease for past breaches of the assignor, which the assignee does not assume, is a rare situation apparently, and this court has not had occasion to squarely address the issue. The Maryland courts have held that an assignee must expressly assume any duties correlative with the right assigned, there being no implication of assumption by the mere assignment. *Pumphrey v. Kehoe*, 261 Md. 496, 506, 276 A.2d 194, 200 (1971). There is no allegation in appellant's complaint that Donohoe assumed the liability for past breaches of the sublease committed

by its assignor, WGMS. Absent such an allegation, no claim is stated against Donohoe on this theory.

■ The complaint did not claim that appellant was entitled to relief against Donohoe by reason of Donohoe's having been WGMS' lessor at the time of the alleged breaches of the sublease between WGMS and appellant. Recovery on this theory is not viable since the law is that there is no privity of estate between the prime lessor and the sublessee. *Gould v. Butler*, D.C. Mun.App., 31 A.2d 867, 870 (1943). *See Ottman v. Albert Co.*, 327 Pa. 49, 192 A.2d 897 (1937). A tenant under a sublease must seek his remedy for breaches against his sublessor.

The court concludes that appellant has stated no cause of action against Donohoe for breach of its sublease occurring prior to the assignment. Following the assignment, appellant surrendered possession of the premises. None of the breaches is alleged to have occurred subsequent to the assignment. Appellant acquires no cause of action against Donohoe for past breaches by WGMS, Donohoe's assignor, but only the right to set-off. There is no other basis for recovery claimed. Therefore, the complaint against Donohoe was properly dismissed.

### III. *The Complaint Against WGMS*

■ Appellant sought in his complaint to state a claim against WGMS, the sublessor, upon the grounds of constructive eviction and breach of specific lease covenants, including a covenant of quiet enjoyment. To constitute a constructive eviction, it is necessary that the tenant abandon the premises in consequence of an act or omission of the landlord, or someone whose conduct is attributable to him, which deprives the tenant of possession of part or all of the leased property. *See* Restatement (Second) of Property *Landlord & Tenant* § 6.1, comment b, (1977); *Hughes v. Westchester Development Corp.*, 64 App.D.C. 292, 293, 77 F.2d 550, 551 (1935). Appellant's complaint does not allege he abandoned the premises because of the sublessor's breach of covenants. Rather, appellant alleges that he vacated the leased premises because he con-

sidered the sublease extinguished by reason of the sublessor's surrender of the premises back to the prime lessor. Thus, the complaint as drawn negates appellant's eviction claim.

■ Appellant also sought to allege a cause of action against WGMS for breach of lease covenants, including a specific covenant of quiet enjoyment contained in the sublease. Breaches of lease covenants, like breaches of any contract provision, give rise to a cause of action for damages proximately resulting from the breaching party's conduct. *See Sundown, Inc. v. Canal Square Associates*, D.C.App., 390 A.2d 421, 432–33 (1978). However, in the series of breaches alleged as grounds for appellant's claim, only three acts or omissions are attributed to WGMS. WGMS cannot be held liable for breaches it did not commit. Nor can WGMS be held liable for acts of third persons, which the complaint seems to allege, absent some wrongful conduct alleged against WGMS. The law in this jurisdiction is that a landlord is not liable to his tenants for interference by third persons with the tenant's possession, absent any wrongful acts or omissions by the landlord. *Appelebaum v. Kidwell*, 56 App.D.C. 311, 312, 12 F.2d 846, 847 (1926).

■ There is an allegation in the complaint that WGMS misrepresented the nature of its interest in the leased property. The lease agreement between appellant and WGMS is designated "Sublease." This designation dispels any claim that WGMS falsely represented that the nature of its legal interest in the premises was other than a leasehold interest.

■ Only paragraphs 12(b) and (f) of the complaint set forth acts or omissions by WGMS which may form the basis of a claim for damages. These paragraphs allege that WGMS failed to furnish heat on winter weekends and air conditioning on summer weekends, and that WGMS permitted reconstruction and alteration in areas which interfered with access to the building, as a result of which appellant suffered certain damages. The sublease incorporated by

reference in appellant's complaint requires WGMS to provide heat and air conditioning and to withhold consent to acts which will interfere with access to the building. The breach by WGMS of the lease agreement is stated sufficiently to withstand a motion to dismiss for failure to state a claim.

 WGMS' argument that appellant's complaint is insufficient for failing to allege that WGMS was notified of problems with the building is unpersuasive. Although a tenant is normally required to notify his landlord of a need for repairs in order to give the landlord an opportunity to correct the problems, *see* Restatement, *supra*, § 5.4, comment g, (1977), notice is unnecessary where the landlord is aware of the defective conditions. *See, e. g., Stool v. J. C. Penney Co.*, 404 F.2d 562, 564–65 (5th Cir. 1968); *Woodbury Co. v. Williams Tackaberry Co.*, 166 Iowa 642, 649, 148 N.W. 639, 642 (1914). The rationale for excusing notice where a landlord already has knowledge of a need for repairs is well stated as follows:

> The rule requiring the tenant to give notice to the landlord of the need of repairs on the demised premises in order to hold the landlord liable upon his covenant to repair or keep in repair rests upon the principle that the landlord, who has no right of entry into the demised premises, has no means of knowing the condition of the premises unless he is notified thereof, and it follows, therefore, that if the landlord has actual knowledge that the repairs are needed, notice to repair is not necessary in order to render him guilty of breach of covenant to repair. [49 Am.Jur.2d *Landlord & Tenant* § 840, at 807 (1970) (footnotes omitted).]

 In this case, appellant's allegation in its complaint that WGMS knew of the problems is sufficient, if proved, to relieve appellant of the notice requirement. WGMS' defenses to these claims, based on documents and facts beyond appellant's complaint and argued on this appeal, must await consideration on summary judgment motions or factual developments at trial.

The trial court's decision is therefore affirmed insofar as it dismisses appellant's complaint against appellees Donohoe Construction Co., Inc., and John F. Donohoe & Sons, Inc. The order dismissing the complaint against WGMS is affirmed in part and reversed and remanded for reinstatement of the complaint against WGMS for the alleged breaches contained in Paragraphs 12(b) and (f) of appellant's complaint.

*So Ordered.*